UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FERIAL KAREN ARDALAN, | ) | Case No.: 13-CV-01138-LHK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTIONS TO DISMISS AND |
| JOHN MCHUGH, SECRETARY OF THE | ) | DENYING PLAINTIFF'S MOTIONS |
| ARMY; UNITED STATES | ) | FOR DEFAULT JUDGMENT |
| REPRESENTATIVE SAM FARR; CARLTON | ) | |
| HADDEN, DIRECTOR OF THE OFFICE OF | ) | |
| FEDERAL OPERATIONS OF THE EEOC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ferial Karen Ardalan ("Ardalan") brings this Complaint against Defendants John McHugh, Secretary of the Army ("McHugh"); United States Representative Sam Farr ("Farr"); and Carlton Hadden, Director of the Office of Federal Operations of the United States Equal Employment Opportunity Commission ("Hadden"), (collectively, "Defendants") alleging that Defendants discriminatorily terminated and declined to rehire Plaintiff, and participated in a vast conspiracy to retaliate against Plaintiff for whistleblowing. *See* ECF No. 1. Defendant Farr moves to dismiss Ardalan's Complaint, *see* ECF No. 16, and Defendants McHugh and Hadden separately move to dismiss the Complaint, *see* ECF No. 19. Pursuant to Civil Local Rule 7–1(b), the Court

1

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

1    finds this matter appropriate for resolution without oral argument. Plaintiff also moves for default

2    judgment against McHugh and Hadden. *See* ECF No. 38.[1] Having considered the submissions of

3    the parties, the relevant law, and the record in this case, the Court GRANTS Farr's Motion to

4    Dismiss, GRANTS McHugh and Hadden's Motion to Dismiss, and DENIES Plaintiff's Motions

5    for Default Judgment.

6    **I.    BACKGROUND**

7         **A.    Procedural History**

8              **1.    The Instant Case**

9         Ardalan filed her Complaint on March 13, 2013. *See* ECF No. 1. Defendant Farr filed his

10   Motion to Dismiss on June 3, 2013. *See* ECF No. 16. Defendants McHugh and Hadden filed their

11   Motion to Dismiss on June 4, 2013. *See* ECF No. 19. On June 18, 2013, Ardalan filed a Response

12   to these Motions to Dismiss. *See* ECF No. 29. On June 25, 2013, Farr filed a Reply, *see* ECF No.

13   31, and McHugh and Hadden filed a separate Reply, *see* ECF No. 32.

14        Additionally, Ardalan filed a Motion for Default Judgment against Farr on June 18, 2013.

15   *See* ECF No. 30. On June 25, 2013, Farr filed an Opposition to the default judgment motion as part

16   of his reply in support of his Motion to Dismiss. *See* ECF No. 31. On July 8, 2013, Ardalan

17   voluntarily withdrew the Motion for default judgment against Farr. *See* ECF No. 37. Ardalan filed

18   a separate Motion for Default Judgment against McHugh and Hadden on July 9, 2013. *See* ECF

19   No. 38. McHugh and Hadden filed their Opposition to the default judgment motion against them

20   on July 10, 2013. *See* ECF No. 40. Ardalan filed a Reply on July 15, 2013. *See* ECF No. 41.

21             **2.    Administrative Actions and Previous Litigation**

22        Ardalan has filed 23 complaints with the United States Equal Employment Opportunity

23   Commission ("EEOC") regarding her termination as an instructor at the United States Army's

24   Defense Language Institute Foreign Language Center ("DLI"), DLI's subsequent decisions

25   declining to rehire her, and an alleged conspiracy among Defendants and various DLI managers to

26   retaliate against her for whistleblowing regarding DLI's curriculum. *See* ECF No. 20, Ex. A at 2.

27   ---
     [1] Ardalan filed but subsequently withdrew a separate motion for default judgment against Farr.
28   ECF Nos. 30, 37.

2

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

1    Ardalan has also filed four civil actions in this District related to these same alleged practices. *See*

2    *Ardalan v. Monterey Inst. Int'l Studies*, Case No. 03-CV-1075-JDF, filed June 18, 2004; *Ardalan v.*

3    *White*, Case No. 01-CV-20935-JW, filed Oct. 2, 2001; *Ardalan v. Caldera*, Case No. 99-CV-

4    20465-JW, filed May 20, 1999; *Ardalan v. USA*, Case No. 95-CV-20044-JW, removed to federal

5    court on Jan. 10, 1995. In all four cases, the courts either dismissed Ardalan's complaint or granted

6    summary judgment in favor of defendants, *see ids*., and three of the four district court decisions

7    were affirmed by the Ninth Circuit. *See Ardalan v. Monterey Inst. Int'l Studies*, 141 Fed. App'x

8    536 (9th Cir. 2005), aff'ing Case No. 03-CV-01075-JDF; *Ardalan v. White*, 58 Fed. App'x 350 (9th

9    Cir. 2003), aff'ing Case No. 01-CV-20935-JW; *Ardalan v. Caldera*, 24 Fed. App'x 827 (9th Cir.

10   2001), aff'ing Case No. 99-CV-20465-JW.

11       **B.    Factual Allegations**

12       Ardalan is an Iranian-born American who was employed as a Farsi language instructor at

13   DLI from October 2, 1989, until her termination on October 20, 1995. ECF No. 1 ¶¶ 1, 14; ECF

14   No. 29 at 15. Defendant McHugh currently serves as Secretary of the United States Army;

15   Defendant Farr is the United States Representative for the 20th Congressional District of

16   California, which includes Monterey, California, where DLI is located; and Defendant Hadden is

17   the Director of the Office of Federal Operations at the EEOC.[2] *See* ECF No. 1 ¶¶ 98-102; ECF

18   16 at 1; ECF No. 19 at 2. The DLI is a United States Army language school that provides foreign

19   language instruction, including Farsi, Arabic, and various Eastern European languages, to military

20   personnel and civilian personnel employed by the United States government. *See* ECF No. 1 ¶ 1

21   n.1.

22       Ardalan alleges that DLI terminated her in October 1995 because, "in 1992 [she] engaged

23   in innocent and good faith whistle blowing acts" against the language school. *See* ECF No. 1 ¶ 54.

24   Ardalan further alleges that, since 2002, she has applied for various positions at DLI but has been

---

[2] In her Complaint, Ardalan names twelve other individuals "responsible ... for violation of
Plaintiff['s] rights." *See* ECF No. 1 ¶¶ 103-22. However, Ardalan does not list these individuals as
Defendants in the caption of her Complaint nor does there appear to have been any attempt to serve
these individuals with the Complaint. Thus, the Court recognizes only McHugh, Hadden, and Farr
as Defendants in this suit.

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

*United States District Court*
For the Northern District of California

"denie[d] almost 90 vacancies." *See Id.* ¶¶ 3, 33. After being denied these "several employment

applications for multiple vacancies in Persian Farsi language and ESL at DLI and/or other sister

language schools," Ardalan "engaged in timely EEO[C] [c]omplaint procedures" against DLI. *Id.*

at 33. It appears DLI contended that Ardalan was terminated for cause after being absent without

leave ("AWOL"). ECF No. 19 at 3. Ardalan acknowledges that, in all cases, the EEOC found that

DLI staff engaged in "no discrimination or retaliation" in declining to rehire Ardalan. *See* ECF No.

1.

      In the instant proceeding, Ardalan asserts that the EEOC's repeated findings of non-

discrimination were erroneous for three reasons. First, she alleges that DLI's policy of not rehiring

individuals previously terminated for cause (the "No Hire policy") was not a formal, written policy

until August 18, 2008. Thus, she claims, the No Hire policy could not have been in effect when

Ardalan was terminated in 1995, or when she applied for rehire prior to August 18, 2008. *Id.* ¶¶ 43-

46. Second, Ardalan alleges that "she [was] treated disparately by the Defendants and their agents,

who have denied her equal protection under the law," *id.* ¶15, and that Defendants "ha[ve]

retaliated against [her], an Iranian born American of Persian ancestry," *id.* ¶ 11.

      Third, Ardalan alleges that the refusal to rehire her and the unfavorable outcome of her

EEOC proceedings were the result of a "continual conspiracy" to punish her for her 1992

whistleblowing. *See id.* ¶ 4. According to Ardalan, in "July-August" of 1992, she told National

Security Agency officials investigating DLI's curriculum that the school's Farsi curriculum was

"outdated and required revision." *Id.* ¶76. Ardalan states that this report "led to the disclosure of

the [DLI] civilian management's long term failure to update [the curriculum]." *Id.* ¶ 78. This,

according to Ardalan, caused the DLI provost, "who was receiving government funds for the

unsuccessful curriculum developments, [to] orchestrate[] vast retaliatory measures against

[Ardalan]." *Id.* This conspiracy included "[d]enial of promotions ... demotion causing reduction of

salary ... [b]lackballing Plaintiff through conspiracy with his administration ... [and] instructing

[DLI staff] to make sure Plaintiff would never be rehired at DLI." *Id.* ¶ 79.

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

"The conspirators," including all three Defendants and numerous other staff at the DLI and EEOC, allegedly "denied [Ardalan] employment not just at DLI ... but at other sister language schools, and local colleges," *id*. ¶ 1; "placed a 'Red Label' stating 'Not Eligible for Rehire' on [her] employment file," *id*. ¶ 5; and "tamper[ed]" with the "dates, facts and evidence," of Ardalan's complaints filed in this District, *id*. ¶ 2. Ardalan also alleges that the unfavorable outcomes of her EEOC proceedings were the result of "the EEOC, once again, knowingly and maliciously accommodat[ing] DLI and the conspirators by issuing the [d]ecisions for DLI and the perpetrators." *Id*. ¶ 4. Finally, Ardalan states that Defendants Farr and Hadden have, since 1996, "interfered with the investigations and/or grievance procedures [regarding these employment claims] causing the denial of Plaintiff's federally protected rights." *Id*. ¶ 12.

Based upon the DLI's alleged discriminatory employment practices and Defendants' alleged conspiracy to punish Ardalan for whistleblowing against DLI, Ardalan asserts the following causes of action in her Complaint: (1) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq*., for employment discrimination; (2) violation of her right to free speech under the First Amendment of the United States Constitution, (3) violation of the Fourteenth Amendment of the United States Constitution for denial of equal protection under the law; (4) violation of the Whistleblower Protection Act of 1989 ("Whistleblower Act"), 5 U.S.C. § 2302, for retaliation; (5) violation of 18 U.S.C. §§ 1505, 1506, 1512, and 1622 and 42 U.S.C. §§ 1505 and 1506 for obstruction of justice, obstruction of proceedings, document tampering, witness tampering, subornation of perjury; (6) violation of the Civil Rights Act ("Civil Rights Act"), 42 U.S.C. §§ 1981, 1983, 1985, and 1986, for deprivation of civil rights; (7) violation of the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552(a), for inserting Plaintiff's Social Security number on her EEOC complaint forms against her wishes; (8) violation of 18 U.S.C. §§ 242 and 245, for infringement upon Plaintiff's constitutional rights; and (9) "common law tort" violations. *Id*. ¶¶ 14-70, 73. Ardalan identifies 28 U.S.C. § 1331 and § 1343 as jurisdictional bases for her suit.[3] *Id*. ¶¶ 71-72.

---

[3] In her Complaint, Ardalan includes 42 U.S.C. § 1331 and § 1343 in her list of her causes of action. *See* ECF No. 1 ¶¶ 71-72. These statutes do not convey any private rights of action. As

5

**United States District Court**
For the Northern District of California

Ardalan claims her Complaint is brought against Defendants in their "official and individual capacities." *See* ECF No. 1 ¶ 1. However, in listing her causes of action, Ardalan does not specify which claims are brought against Defendants in their official versus individual capacities. *See id.* Furthermore, Ardalan does not specify which claims are asserted against which of the three Defendants; instead she simply states that "Defendants" or "named Defendants" engaged in each alleged claim. *See id.* Accordingly, in order to give this pro se complaint the benefit of any doubt, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001), the Court construes all claims as being stated against all Defendants in their official as well as individual capacities.

Finally, Ardalan asks this Court for the following relief: (1) compensatory damages equivalent to Ardalan's lost wages, bonuses, benefits, medical costs, and psychiatric costs since 1996; (2) punitive damages of an unspecified amount; (3) injunctive relief, including ordering DLI to expunge all adverse reports about Ardalan, ordering DLI to refrain from sharing information about Ardalan other than information regarding the quality of her work and performance, ordering DLI to appoint Ardalan as an Assistant Professor or pay damages equivalent to expected future earnings, and ordering a federal investigation of Defendants for their role in the alleged conspiracy against Ardalan; and (4) attorney's fees and costs. *Id.* ¶¶ 73, 129-32.[4]

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the Complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th

---

discussed above, the Court holds pro se litigants to a less stringent standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the Court interprets these references as assertions of federal question jurisdiction (§ 1331) and jurisdiction to bring a claim under 42 U.S.C. § 1985 (§ 1343).

[4] Ardalan's Complaint includes "Punitive Damages" in her list of her causes of action. *See* ECF No. 1 ¶73. In order to give the pro se complaint the benefit of any doubt, the Court construes Ardalan's references to Punitive Damages as asserting a prayer for relief.

6

1    Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the

2    pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

3    disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560

4    (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under

5    Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See*

6    *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

7         **B.    Rule 8(a)**

8              Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

9    short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

10   that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

11   12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to

12   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

13   (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

14   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability

16   requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

17   (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court

18   "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

19   most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

20   1025, 1031 (9th Cir. 2008).

21              However, a court need not accept as true allegations contradicted by judicially noticeable

22   facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "court may look beyond

23   the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion

24   into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the

25   court required to "'assume the truth of legal conclusions merely because they are cast in the form

26   of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)

27   (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory

28

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

1   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

2   *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

3   Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that

4   [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

5   1997) (internal quotation marks and citation omitted).

6       Finally, when considering the pleadings of a pro se litigant, the Court "has a duty to ensure

7   that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance

8   of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

9   Cir. 1988). Thus, while "'[p]ro se litigants must follow the same rules of procedure that govern

10  other litigants,'" *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (alterations in original)

11  (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)) (dismissing an employment

12  discrimination claim against the Secretary of Defense with leave to amend), pro se pleadings

13  should be "liberally construed, particularly where civil rights claims are involved," *Balestreri*, 901

14  F.2d at 699.

15      **C.      Request for Judicial Notice**

16      When ruling on a motion to dismiss, a district court generally should not look beyond the

17  four corners of a complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v.

18  City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). However, the Court may take judicial notice of

19  matters that are either (1) generally known within the trial court's territorial jurisdiction or (2)

20  capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

21  be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to

22  dismiss include documents that form part of the public record of prior court proceedings, including

23  judicial opinions and parties' public filings. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir.

24  2002) ("We take judicial notice of the California Court of Appeal opinion and the briefs filed in

25  that proceeding and in the trial court").

26      **D.      Leave to Amend**

27

28

8

**United States District Court**
For the Northern District of California

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where those conditions have not been met, this Court will grant leave to amend.

## III.   DISCUSSION

Defendant Farr moves to dismiss Ardalan's Complaint for four reasons. First, Farr contends that the Complaint lacks subject matter jurisdiction because (a) Ardalan lacks Article III standing, (b) Ardalan lacks standing to bring criminal charges, (c) Ardalan has failed to exhaust her administrative remedies as required under the Federal Tort Claims Act ("FTCA"), and (d) Ardalan's claims are barred by the doctrine of sovereign immunity. *See* ECF No. 16 at i. Second, Farr alleges that Ardalan's Complaint is time-barred because (a) her claims exceed the two-year statute of limitations of the FTCA, 28 U.S.C. §§ 2671-2680; and (b) her claims should be barred by the doctrine of laches. *Id.* Third, Farr contends that Ardalan's Title VII claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* Fourth, Farr argues Ardalan's claims are frivolous. *Id.*

Similarly, Defendants McHugh and Hadden move to dismiss Ardalan's Complaint for three reasons. *See* ECF No. 19 at i. First, they contend Ardalan's constitutional claims do not meet the standard under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for claims against federal employees acting in their individual capacities. *Id.* at 9-11. Second, they contend that all of Ardalan's statutory claims, *except* her Title VII claim, fail because (a) Ardalan

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

1  failed to exhaust her administrative remedies (Whistleblower Act claim); (b) Ardalan's claims are

2  barred by the doctrine of sovereign immunity (claims brought under 42 U.S.C. §§ 1981, 1983,

3  1985, 1986); and (c) Ardalan lacks the capacity and standing to sue under criminal statutes (claims

4  brought under 18 U.S.C. §§ 1505 and 1506).  *Id*. at 11-13. Third, McHugh and Hadden contend

5  that Ardalan's Title VII claim should be dismissed under Rule 12(b)(6) for failure to state a claim.

6  *Id*. at 8-9. Additionally, McHugh and Hadden's Reply asserts that the doctrine of res judicata bars

7  all of Ardalan's claims for conduct occurring prior to October 2001. *See* ECF No. 32 at 3-4.

8         For the reasons stated below, the Court GRANTS Farr's Motion to Dismiss and GRANTS

9  McHugh and Hadden's Motion to Dismiss. As an initial matter, the Court considers Defendants'

10  requests for judicial notice and the res judicata implications of Ardalan's previous complaints in

11  federal court regarding her termination from DLI. The Court then examines whether it has subject

12  matter jurisdiction to hear Ardalan's claims, and the sufficiency of Ardalan's Title VII claim.

13  Finally, the Court evaluates Ardalan's Motions for Default Judgment.[5]

14         **A.      Judicial Notice**

15         On July 25, 2013, Defendants McHugh and Hadden requested that the Court take judicial

16  notice of five documents: (1) Ardalan's Oct. 2, 2001 complaint, and (2) Judge Ware's Jan. 30,

17  2002 ruling in *Ardalan v. White*, Case No. 01-CV-20935-JW (N.D. Cal.); (3) Ardalan's May 20,

18  1999 complaint, (4) Judge Ware's Jul. 5, 2000 ruling in *Ardalan v. Caldera*, Case No. 99-CV-

19  20465-JW (N.D. Cal.), and (5) Judge Ware's Oct. 2, 2000 ruling in *Caldera*, Case No. 99-CV-

20  20465-JW. *See* ECF No. 42 at 1. Ardalan objects to the Court taking judicial notice of all five

21

22  ─────────────────
    [5] The Court notes as a preliminary matter here that McHugh and Hadden contend that the

23  "gravamen" of Ardalan's Complaint is her Title VII claim for discrimination. *See* ECF No. 19 at 8.
    Their Motion thus argues that "Title VII is Plaintiff's [o]nly [p]ossible [r]emedy," because "Title

24  VII provides the *exclusive* remedy for claims of discrimination." *Id*. (emphasis in original). The
    Court is not persuaded. Defendants are correct that Ardalan's Complaint asserts a claim for

25  discrimination under Title VII. *See* ECF No. 1 ¶¶ 14-16. However, reading this pro se complaint
    liberally, the Court cannot construe all of Ardalan's claims as arising solely out of her allegations

26  of discrimination. Rather, Ardalan's allegations are grounded in two central, albeit related,
    contentions: one, that Ardalan has been the subject of discrimination, and, two, that she has been

27  the subject of retaliation that began in 1992, and thus existed *prior and in addition to* this alleged
    discrimination. *See id*. ¶¶ 76-79. The Court conducts its analysis below with this in mind.

28

10

documents on the basis that she is not seeking to relitigate her previous complaints. *See* ECF No.

44 at 6-7. The Court finds that judicial notice is proper for all five documents filed by Defendants

because all of the documents form part of the public record in prior cases. *See Holder*, 305 F.3d at

866. Accordingly, the Court GRANTS McHugh and Hadden's request for judicial notice. *See* ECF

No. 42.

### B.    Res Judicata

In her Complaint, Ardalan describes a conspiracy that encompasses events ranging from her

1992 whistleblowing to a February 2013 EEOC "no discrimination" finding. *See, e.g.*, ECF No. 1

¶¶ 9-11, 42, 76-78. McHugh and Hadden contend that Ardalan's claims against all three

Defendants regarding conduct that occurred before October 2001 are barred by the doctrine of res

judicata "because [these events] either were or could have been litigated in her previous two

cases." ECF No. 32 at 3. Ardalan did not respond to these assertions, as they were made in

McHugh and Hadden's Reply. However, in her discussion of a prior court's finding that res

judicata barred similar allegations that she had made, she stated her "intention [not to] re-

adjudicate these [prior c]ases but to inform the Court of the ... *continuation* of the retaliation." ECF

No. 44 at 1 (emphasis added). For the following reasons, the Court finds that res judicata bars all of

Ardalan's claims insofar as they allege violations that occurred prior to October 2, 2001.

Res judicata, or claim preclusion, prohibits relitigation of any claims that were raised or

*could have been raised* in a prior action. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192

(9th Cir. 1997) (emphasis added). Specifically, res judicata is "applicable whenever there is (1) an

identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties."

*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W.

Radio Servs. Co.*, 123 F.3d at 1192). In determining whether there is identity of claims, "[t]he

central criterion ... is whether the two suits arise out of the same transactional nucleus of facts." *Id.*

at 714 (internal quotation marks omitted). "As a general matter, a court may, sua sponte, dismiss a

case on preclusion grounds where the records of that court show that a previous action covering the

same subject matter and parties had been dismissed." *Headwaters Inc. v. U.S. Forest Serv.*, 399

11

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

F.3d 1047, 1054 (9th Cir. 2005) (internal quotation marks omitted). However, "[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar sua sponte."*Arizona v. California*, 530 U.S. 392, 412-13 (2000).

As set forth below, the instant case is Ardalan's fourth district court action alleging that DLI officials engaged in discriminatory and retaliatory employment practices and orchestrated a conspiracy against her.

First, on December 5, 1994, prior to her termination, Ardalan filed a complaint alleging that various DLI officials, the DLI, and the Army engaged in (1) sex discrimination in violation of Title VII, (2) slander, (3) intentional infliction of emotional distress, and (4) assault. *See Ardalan v. USA*, Case No. 95-CV-20044-JW (removed to federal court on January 10, 1995).

Second, on May 2, 1999, Ardalan brought suit against then-Secretary of the Army Louis Caldera, alleging (1) gender discrimination in violation of Title VII, (2) retaliation, (3) sexual harassment, (4) improper termination, (5) negligent infliction of emotional distress, (6) intentional infliction of emotional distress, (7) slander, (8) assault and battery, and (9) obstruction of justice. *See* ECF No. 42 (*Ardalan v. Caldera* ("*Caldera*"), Case No. 99-CV-20465-JW, filed May 20, 1999).

Third, on October 2, 2001, Ardalan filed a complaint against then-Secretary of the Army Thomas White, alleging (1) discrimination based on national origin in violation of Title VII; (2) violation of the First Amendment and Article 1 of the California Constitution; (3) violation of the Fourteenth Amendment; (4) violation of the Whistle Blower Protection Act of 1989, 5 U.S.C. § 2302(b); (5) violation of the Freedom of Information Act; (6) Violation of the Privacy Act of 1974, 5 U.S.C. § 552(a); and (7) violation of the Civil Rights Act of 1991, 18 U.S.C. §§ 1506, 1512, 1622. ECF No. 42 (*Ardalan v. White* ("*White*"), Case No. 01-CV-20935, filed October 2, 2001). In *White*, Judge James Ware dismissed the entirety of Ardalan's Amended Complaint[6] with prejudice, finding that all of Ardalan's claims were barred by res judicata. *See White*, at *8-9. Judge Ware held that although Ardalan "articulated additional legal theories against Defendants to support her

---

[6] Judge Ware's 2002 order does not specify if this was Ardalan's First or Second Amended Complaint. *See White*, at *2.

12

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

allegations of conspiracy," she presented no evidence that had not been available to her in 1999 when she filed her complaint in *Caldera* and "the ultimate controversy underlying the dispute [in *White*] ... remain[ed] the same" as that in *Caldera*. *Id.* at *4. In a brief memorandum disposition written in 2003, the Ninth Circuit affirmed, finding that "[t]he district court properly dismissed Ardalan's action on res judicata grounds because all of the claims alleged therein had either been fully and fairly litigated in her prior district court action, or could have been litigated in that action." *See White*, 58 Fed. App'x at 350.

In this action, Defendants McHugh and Hadden only raise res judicata in their Reply, *see* ECF No. 32 at 3, and Defendant Farr does not raise res judicata at all. Arguments raised for the first time in a reply brief are deemed waived. *United States v. Alcan Elec. & Eng'g, Inc.,* 197 F.3d 1014, 1020 (9th Cir. 1999). Nonetheless, the Court exercises its power in this case to raise res judicata sua sponte. *See Headwaters, Inc.*, 399 F.3d at 1054. This is because Ardalan has had no fewer than three opportunities to litigate the pre-October 2, 2001 events surrounding her termination and the subsequent decisions not to rehire her, and courts in this district have dedicated considerable resources to the resolution of these claims. *See Arizona*, 530 U.S. at 412-13. Furthermore, Ardalan makes no claims that any of the evidence on which she relies in this Complaint was concealed or otherwise unavailable prior to October 2, 2001. *Accord White*, 58 Fed. App'x at 350 (finding res judicata appropriate where "Ardalan failed to demonstrate that the defendants fraudulently concealed any of the allegedly newly discovered evidence from her.").

The Court finds that res judicata once again bars Ardalan's claims insofar as they state claims for conduct that transpired before October 2, 2001. This is because all three elements of res judicata—identity of claims, final judgment on the merits, and identity between parties—are satisfied with respect to such claims. *See Owens*, 244 F.3d at 713. First, as in *White*, Ardalan does not allege that she has obtained nor does she appear to present any new evidence regarding the events that occurred prior to October 2, 2001. *See* ECF No. 1. In other words, Ardalan's claims that rest upon pre-October 2001 evidence and events rely on the same "transactional nucleus of facts" as her previous suits against DLI. Second, both *White* and *Caldera* received final judgments on the

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

merits. Judge Ware granted summary judgment in *Caldera* and dismissed *White* without leave to amend, and the Ninth Circuit affirmed in both cases. *See White*, 58 Fed. App'x 350, aff'ing *White*, No. 01-CV-20935-JW; *Caldera*, 24 Fed. App'x 827, aff'ing *Caldera*, 99-CV-20465-JW. Finally, privity of parties exists between Ardalan's previous actions and the instant case. The Ninth Circuit has held that, when invoking res judicata, "privity may exist ... when there is sufficient commonality of interest," because "privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081-82 (9th Cir. 2003) (internal quotation marks omitted) (finding res judicata barred new Plaintiffs' claims where "several [but not all] parties in both actions [we]re identical" and the preceding Plaintiffs "had a complete opportunity to litigate their claims"). Here, all of Ardalan's complaints name the Secretary of the Army, Defendants are all federal officials, and Defendants in this case share a common interest with the defendants in Ardalan's last cases in aggressively litigating Ardalan's claims. Additionally, Ardalan herself *had the opportunity* to litigate her claims against Hadden and Farr for their pre-October 2001 conduct. *See* ECF No. 1; *Owens*, 244 F.3d at 713.

Accordingly, the Court finds that Ardalan's claims against all three Defendants for conduct that took place prior to October 2, 2001 are barred by res judicata. These claims are DISMISSED WITH PREJUDICE because amendment would be futile. *Accord White*, 58 Fed. App'x at 350 ("The district court did not abuse its discretion in denying Ardalan leave to amend [the claims it dismissed on res judicata grounds] because amendment would be futile."). This reading of the Complaint accords with Ardalan's stated "intention [not to] re-adjudicate these [prior c]ases but to inform the Court of the ... *continuation* of the retaliation." ECF No. 44 at 1 (emphasis added). For the remainder of this Order, the Court only addresses Ardalan's Complaint insofar as it states claims for conduct post-October 2, 2001.

**C.      Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

Lack of subject matter jurisdiction cannot be waived by the parties, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Attorneys Trust v. Videotape Computer Prod., Inc.*, 93 F.3d 593, 595 (9th Cir. 1996). A court may lack subject matter jurisdiction because, among other reasons, the claim is barred by sovereign immunity, a plaintiff has failed to exhaust her administrative remedies, or a plaintiff lacks Article III standing. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction."); *Brady v. United States*, 211 F.3d 499, 501 (9th Cir. 2000) (affirming dismissal for lack of subject matter jurisdiction where "[p]laintiff had failed to exhaust her administrative remedies by presenting an administrative claim to the appropriate federal agency before filing her complaint in district court."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998) (finding that where the plaintiff lacks standing under Article III of the U.S. Constitution, the court lacks subject matter jurisdiction, and the case must be dismissed).

For the following reasons, the Court finds that subject matter jurisdiction is lacking for Plaintiffs' second, third, fourth, fifth, sixth, seventh, eighth, and ninth claims.[7] Accordingly, the Court GRANTS Defendants' Motions to Dismiss under Rule 12(b)(1) or dismisses sua sponte under Rule 12(h)(3)[8] claims two, three, four, five, six, seven, eight, and nine.

### 1.        No *Bivens* Implied Cause of Action: Ardalan's Constitutional Claims

Ardalan claims that all three Defendants' ongoing conspiracy against her has violated her First Amendment rights (claim 2) and Fourteenth Amendment rights (claim 3). *See* ECF No. 1 ¶¶ 17-25. Specifically, she alleges they infringed her First Amendment rights by engaging in "brutal and ruthless retaliation" against her since she "engaged in ... [f]ree expression" by acting as a whistleblower regarding the DLI's curriculum in 1992. *See id.* ¶ 17. Ardalan also alleges Defendants denied her equal protection rights in violation of the Fourteenth Amendment by

---

[7] The Court uses the numbering system for the claims as numbered, *supra* p.5.

[8] Rule 12(h)(3) states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

orchestrating a conspiracy that caused her applications to DLI to be rejected. *See id*. ¶ 25. Farr

moves to dismiss Ardalan's Complaint, including the constitutional claims, under Rule 12(b)(1) on

the basis of sovereign immunity. *See* ECF No. 16 at 7. McHugh and Hadden move to dismiss

Ardalan's constitutional claims under Rule 12(b)(1) on the basis that they fail to meet the standard

established under *Bivens*, 403 U.S. 388 (1971), for recognizing implied constitutional causes of

action brought against federal employees. *See* ECF No. 19 at 9-11. Ardalan's Response does not

address Defendants' arguments for dismissing these constitutional claims. The Court finds that

Ardalan's constitutional claims fail to meet the standard for implying a cause of action established

by *Bivens* and its progeny. Therefore, Ardalan's constitutional claims are dismissed under Rule

12(b)(1).

The Court first provides an overview of *Bivens* and its progeny. The Supreme Court has

recognized that an implied cause of action may be available to plaintiffs who would otherwise have

no statutory redress against federal officials who violated plaintiffs' constitutional rights. In *Bivens*,

the Supreme Court found that "'violation of [the Fourth Amendment] by a federal agent ... g[ave]

rise to a cause of action for damages' against a Federal Government employee." *Minneci v.

Pollard*, 132 S.Ct. 617, 620 (2012) (quoting *Bivens*, 403 U.S. at 389). In making this finding, the

Court "created a remedy for violations of constitutional rights committed by federal officials acting

in their individual capacities." *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d at

1173. The Court has recognized that this "freestanding damages remedy for a claimed

constitutional violation" is far from automatic. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).

Rather, in deciding whether to recognize a *Bivens* remedy for a constitutional violation by a federal

employee, the Court must engage in a two-step inquiry. *See Minneci*, 132 S. Ct. at 621. First, the

Court asks "whether any alternative, existing process for protecting the [constitutionally

recognized] interest amounts to a convincing reason for the Judicial Branch to refrain from

providing a new and freestanding remedy." *Id*. (alterations in original). Second, even if no

alternative exists, the Court considers whether "any special factors counsel[] hesitation before

authorizing a new kind of federal litigation." *Id*. Finally, "a *Bivens* action can be maintained against

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

a defendant *in his or her individual capacity only*, and not in his or her official capacity." *Consejo de Desarollo Economico de Mexicali, A.C.*, 482 F.3d at 1173 (emphasis added). Thus, *Bivens* suits against federal employees acting in their *official* capacities are barred by sovereign immunity, and the Court lacks subject matter jurisdiction to hear such claims. *Id.*

Since *Bivens*, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment, *see Bivens*, 403 U.S. 388; (2) gender discrimination by a Congressman in violation of the Fifth Amendment for an employee not covered by Title VII, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) deliberate indifference toward a prisoner in violation of the Eight Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980); *see also Minneci*, 132 S.Ct. at 621-22. In each of these cases, the Supreme Court allowed a *Bivens* action because the Court found that the plaintiffs had no other meaningful remedies for the constitutional violations they had suffered. *Id.* Conversely, the Court has found that no *Bivens* remedy is available for a retaliatory employment action in violation of the First Amendment, *see Bush v. Lucas*, 462 U.S. 367 (1983), or for the denial of Social Security benefits in violation of the Fifth Amendment, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988), because comprehensive administrative schemes already provide meaningful redress for plaintiffs. *See Minneci*, 132 S.Ct. at 622. In essence, the Ninth Circuit has observed that "[w]here Congress has designed a program that provides what it considers adequate remedial mechanisms for constitutional violations, *Bivens* actions should not be implied." *Kotarski v. Cooper*, 866 F.2d 311, 312 (9th Cir. 1989).

In the present case, the Court assumes, as an initial matter, that Ardalan brings her constitutional claims against Defendants in their individual capacities. As stated above, sovereign immunity bars constitutional claims brought against federal employees in their official capacities, and thus district courts lack subject matter jurisdiction to hear such claims. *See Consejo de Desarollo Economico de Mexicali, A.C.*, 482 F.3d at 1173. Though the conspiracy Ardalan describes consistently depicts Defendants as acting in their official capacities, the caption of the Complaint lists Defendants in their official and individual capacities. *See* ECF No. 1. Because the

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

only way for these claims to proceed is to construe them as attempts to state *Bivens* actions against Defendants in their *individual* capacities, the Court affords this pro se plaintiff the benefit of this doubt. *Morrison*, 261 F.3d at 899 n.2.

The Court first concludes that Ardalan has no *Bivens* cause of action for her First Amendment claim. The Supreme Court has expressly declined to recognize a *Bivens* claim for "a federal civil servant [who wa]s the victim of a retaliatory demotion or discharge because he … exercised his First Amendment rights." *Bush*, 462 U.S. at 381. In *Bush*, a NASA employee was demoted and his salary cut by almost $10,000 in direct retaliation for press interviews he gave criticizing the agency for fraudulent and wasteful spending. *Id*. at 369. The employee appealed this demotion to the Federal Employee Appeals Authority and subsequently the Civil Service Commission Appeals Review Board before finally bringing an action against his supervisor in district court. *Id*. at 369-72. Applying the two-step *Bivens* inquiry, the Supreme Court found that Bush had an extensive administrative process through which to seek redress. The Court reasoned that "[f]ederal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures— administrative and judicial … Constitutional challenges … such as *First Amendment* claims raised by petitioner are fully cognizable within this system." *Id*. at 385-86 (emphasis added). Considering the second prong of the inquiry, the Court found that "Congress was in a far better position than a court" to determine whether an additional avenue of redress should be available for federal employees subject to an adverse personnel action in response to speaking out against the agency. *See id*. at 388-89.

This Court finds no basis to distinguish Ardalan's claim of retaliation for speaking out against her employer from the plaintiff's claim in *Bush*. As described at length in Section III.C.3.a, Ardalan has an extensive administrative system in which she may seek redress for adverse employment actions, including DLI's act of declining to rehire her. Indeed, the Whistleblower Protection Act of 1989 amended the Civil Service Reform Act of 1978 to provide even greater protections and more extensive administrative remedies for federal employee whistleblowers than

18

**United States District Court**
For the Northern District of California

those available at the time of *Bush*. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 682 (Fed. Cir. 1992). Without a basis to meaningfully distinguish Ardalan's First Amendment claim from that asserted in *Bush*, this Court must follow the explicit instructions of the Supreme Court. Thus, the Court finds that Ardalan's First Amendment claim of retaliation against Defendants fails for lack of subject matter jurisdiction. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Ardalan's First Amendment claim under Rule 12(b)(1) for lack of subject matter jurisdiction. The claim is DISMISSED WITH PREJUDICE as there is nothing Ardalan can do to cure the jurisdictional defect in this claim.

Next the Court turns to Ardalan's Fourteenth Amendment equal protection claim and concludes that it too does not meet the standard for implying a cause of action under *Bivens*. The Supreme Court has held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). In *Davis*, the Supreme Court recognized an implied *Bivens* action where a plaintiff alleged that a congressman declined to hire her on the basis of unlawful gender discrimination. 442 U.S. at 248. However, the Court explicitly noted that when Congress amended "Title VII to protect federal employees from discrimination, *it failed to extend this protection to congressional employees such as petitioner.*" *Id.* at 247 (emphasis added). Thus, where the Court extended *Bivens* actions to employment discrimination claims, it did so where no Title VII administrative remedy was available.

Relying on the Supreme Court's holding in *Davis*, the Ninth Circuit has explicitly rejected *Bivens* claims for federal employees' employment discrimination claims where these employees may pursue their claims under Title VII. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 197 (9th Cir. 1995). In *Brazil*, a civilian military employee alleged that the U.S. Navy was motivated by racial animus when it revoked his security clearance enabling him to work on a nuclear capable ship. *Id.* at 197. The Court rejected Brazil's Fifth Amendment claim, noting that *Bivens* actions are "unavailable where the claim involves employment discrimination and the plaintiff is a civilian

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

employee of the military." *Id.*; *accord Kotarski*, 866 F.2d at 311 (finding no *Bivens* action available for employee's discrimination claim where Title VII redress was available).

In light of the liberal pleading standard afforded to pro se plaintiffs, the Court construes Ardalan's Fourteenth Amendment equal protection claim as a Fifth Amendment equal protection claim because the defendants in this case are federal actors, not state actors. Nonetheless, Ardalan's constitutional claim arising out of an employment discrimination claim still fails. Like Brazil, Ardalan is a civilian military employee alleging that discriminatory animus motivated her superiors' adverse employment actions. *See* ECF No. 1 ¶¶ 14-16. As described in Section III.C.3.a and Section III.D, both Title VII's EEOC administrative procedures and the Whistleblower Act's administrative procedures are available to hear Ardalan's claims of discrimination and retaliation. Because Ardalan has statutory mechanisms to seek redress for her Fifth Amendment claim, the Court finds that Ardalan has no *Bivens* cause of action for her Fifth Amendment claim. Thus, the Court has no subject matter jurisdiction to hear this claim. *See Brazil*, 66 F.3d at 197; *Kotarski*, 866 F.2d at 311. Therefore, the Court GRANTS Defendants' Motions to Dismiss Ardalan's Fourteenth Amendment claim under Rule 12(b)(1) for lack of subject matter jurisdiction. This claim is also DISMISSED WITH PREJUDICE as there is nothing Ardalan can do to remedy the jurisdictional defect with the claim.

### 2. Sovereign Immunity: Civil Rights Act Claims, 42 U.S.C. §§ 1981, 1983, 1985, and 1986

According to the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Thus, "[a] court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). This immunity extends to executive and legislative branch officials, including Members of Congress, acting in their official capacities. *See, e.g.*, *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (dismissing a pro se plaintiff's § 1983 and § 1985 claims against the FBI because "the FBI is a *federal agency* and ...

20

**United States District Court**
For the Northern District of California

1   Congress has not revoked its immunity" (emphasis added)); *Keener v. Congress*, 467 F.2d 952, 953

2   (5th Cir. 1972) (per curiam) (holding that sovereign immunity applies to the legislative branch);

3   *see also Cooper v. United States*, No. 13-CV-0487, 2013 WL 3991994, at *2 (E.D. Cal. Aug. 2,

4   2013) (sovereign immunity applies to Congress when sued as a branch of government). Though

5   sovereign immunity is only waived where consent to suit is "unequivocally expressed," *Lehman v.*

6   *Nakshian*, 453 U.S. 156, 160 (1981), "once Congress has waived sovereign immunity over certain

7   subject matter, the Court should be careful not to assume the authority to narrow the waiver that

8   Congress intended," *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991) (internal quotation marks

9   omitted).

10       Ardalan alleges that all three Defendants' longstanding conspiracy against her included

11   denying her the preferential treatment afforded to DLI instructors of "European and East European

12   national origins," "refusal to [re]employ Plaintiff as the similarly situated candidates," and "refusal

13   to correct similar discriminatory acts," in violation of the Civil Rights Act, 42 U.S.C. §§ 1981,

14   1983, 1985, and 1986.[9] *See* ECF No. 1 ¶¶ 51-59. Farr argues that Ardalan's Civil Rights Act claims

15   are barred by sovereign immunity. *See* ECF No. 16 at 7-9. Defendants McHugh and Hadden

16   similarly contend that Ardalan's Civil Rights Act claims are barred by sovereign immunity. *See*

17   ECF No. 19 at 12. Ardalan's Response does not address Defendants' sovereign immunity

18   arguments. *See* ECF No. 29. For the reasons discussed below, the Court finds that sovereign

19   immunity bars Ardalan's Civil Rights Act Claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

20       The Court first addresses Ardalan's claims under §§ 1983 and 1985. The Ninth Circuit has

21   held that claims brought against federal agencies under the Civil Rights Act, 42 U.S.C. § 1983 and

22   § 1985, are barred by the doctrine of sovereign immunity. *See Jachetta v. United States*, 653 F.3d

23   898, 908 (9th Cir. 2011) (finding "no evidence ... that Congress intended to subject federal

24   agencies to § 1983 and § 1985 liability"). Moreover, courts in this district have repeatedly held that

25   ───────────────

26   [9] 42 U.S.C. § 1981 protects against discrimination under color of state law. 42 U.S.C. § 1983 provides a private right of action for deprivation of civil rights under color of state law. 42 U.S.C. § 1985 creates a private right of action against an individual who conspires to violate the civil rights

27   of another. 42 U.S.C. § 1986 creates a private right of action against an individual who negligently fails to prevent such a violation of the civil rights of another.

28

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

1    this sovereign immunity bar extends to § 1983 and § 1985 claims against federal *employees*. *See,*

2    *e.g.*, *Hakim v. United States*, No. 13-CV-1895, 2013 WL 5544466, *2-3 (N.D. Cal. Oct. 7, 2013)

3    (dismissing plaintiff's § 1983 claim against DLI *and one of its civilian employees* as barred by

4    sovereign immunity); *Gottchalk v. City and Cnty. of San Francisco*, --- F. Supp. 2d. ---, 2013 WL

5    4103607, at *8, *10 (N.D. Cal. Aug. 12, 2013) (dismissing a pro se plaintiff's § 1981, § 1983, and

6    § 1985 claims against various federal defendants, including *several EEOC officials*, on the basis

7    that these claims were barred by sovereign immunity under Ninth Circuit law).

8            With respect to Ardalan's § 1981 claim, Judge Chen recently explained in *Gottchalk* that

9    the Ninth Circuit has not specifically addressed whether § 1981 claims are also barred by sovereign

10   immunity. *Gottchalk*, 2013 WL 4103607, at *10. However, the Fifth Circuit, Seventh Circuit, and

11   Eleventh Circuit have explicitly found that § 1981 claims are barred by sovereign immunity. *See*

12   *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 725-26 (7th Cir. 2000) (finding sovereign immunity

13   barred plaintiff's § 1981 claim against federal employees acting in their official capacities);

14   *Affiliated Prof'l Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (finding that

15   sovereign immunity barred plaintiff's § 1981 claim against the Secretary of Health and Human

16   Services in her official capacity); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982)

17   (holding sovereign immunity barred plaintiff's § 1981 claim). In *Gottchalk*, Judge Chen asserted

18   that the Ninth Circuit would likely follow its sister Circuits in finding that sovereign immunity bars

19   § 1981 claims against federal actors in their official capacities. *See Gottchalk*, 2013 WL 4103607,

20   at *10.

21          This Court finds that Judge Chen's analysis was thoughtful and meticulous and finds no

22   reason to diverge from it here. As Judge Chen explained, in *Morse v. N. Coast Opportunities, Inc.*,

23   118 F.3d 1338 (9th Cir. 1997), the Ninth Circuit dismissed a § 1983 claim against federal actors on

24   the basis of sovereign immunity by reasoning that the claim arose under color of federal and not

25   state law. *See* 118 F.3d at 1343. The plain language of § 1981, like that of § 1983, states that the

26   statute applies to actions taken under color of *state* law. *See* 42 U.S.C. § 1981 ("impairment under

27   color of *State* law") (emphasis added), § 1983 ("under color of any statute, ordinance, regulation,

28

22

custom, or usage, of *any State* or Territory or the District of Columbia") (emphasis added). *Accord Gottchalk*, 2013 WL 4103607, at \*10. Thus, the Ninth Circuit is likely to reach a similar holding on sovereign immunity in the context of a § 1981 claim brought against federal employees. As such, the Court holds that Ardalan's § 1981 claim is barred by the doctrine of sovereign immunity.

Similarly, the Ninth Circuit has not yet addressed whether § 1986 claims are barred by sovereign immunity. However, both the Fifth and Seventh Circuits have held that sovereign immunity bars § 1986 claims against federal agencies and employees acting in their official capacities. *See Davis v. U.S. Dep't of Justice*, 204 F.3d at 726-27 (finding sovereign immunity barred plaintiff's § 1986 claim against a federal employee acting in an official capacity); *Shalala*, 164 F.3d at 286 (same). The Court finds that the Ninth Circuit would likely follow its sister Circuits' holdings that sovereign immunity bars § 1986 claims, as explained below.

Section 1985 identifies various prohibited conspiracies to commit civil rights violations and states:

> in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages

42 U.S.C. § 1985. Similarly, § 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and *mentioned in section 1985 of this title*, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured ...

42 U.S.C. § 1986 (emphasis added). It is clear that both sections provide a private right of action for conduct that enables or permits certain civil rights violations to occur—the difference is that § 1985 protects against conspiracy to commit those violations and § 1986 protects against negligently failing to prevent those violations. *Compare* 42 U.S.C. § 1985 *with* 42 U.S.C. § 1986. In *Jachetta*, the Ninth Circuit found "no evidence ... that Congress intended to subject federal agencies to ... § 1985 liability." 653 F.3d at 908. This Court finds no plausible reason why Congress would subject federal actors to liability under § 1986 for *negligently permitting* certain

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

1    violations to occur when Congress did not intend to create liability under § 1985 for federal actors

2    that *conspired to commit* those same violations.

3        In reaching this holding, the Court recognizes that the Ninth Circuit's holding in *Jachetta*

4    was limited to claims against federal *agencies*. *See id*. However, courts in this district have applied

5    *Jachetta* to find that sovereign immunity bars § 1985 claims against federal *employees* as well. *See,*

6    *e.g.*, *Gottchalk*, 2013 WL 4103607, at *8, *10. Given the similar protections of and the express

7    textual relationship between § 1985 and § 1986, this Court finds that the holding in *Jachetta*

8    regarding § 1985 claims should be extended to § 1986 claims. This conclusion is reinforced by the

9    Fifth and Seventh Circuits' explicit findings that sovereign immunity bars § 1986 claims against

10   federal employees. *See Davis*, 204 F.3d at 725; *Shalala*, 164 F.3d at 286. Accordingly, the Court

11   holds that the doctrine of sovereign immunity bars Ardalan's § 1986 claim.

12       In sum, the Court finds that Ardalan's Civil Rights Act claims brought under 42 U.S.C. §§

13   1981, 1983, 1985, and 1986 against all three Defendants in their official capacities are barred by

14   the doctrine of sovereign immunity. These claims are thus dismissed under Rule 12(b)(1) for lack

15   of subject matter jurisdiction. Ardalan's claims are DISMISSED WITH PREJUDICE as there is

16   nothing Ardalan can do to cure the jurisdictional defects of these claims.

17                    **3.       Failure to Exhaust Administrative Remedies**

18       The Court now addresses Ardalan's claims which must be dismissed due to a failure to

19   exhaust administrative remedies. Where a plaintiff has failed to exhaust the administrative

20   remedies for her claim, a district court lacks subject matter jurisdiction to hear that claim, and it

21   must be dismissed. *See Brady v. United States*, 211 F.3d 499, 501-2 (9th Cir. 2000) (affirming

22   dismissal of a Federal Tort Claim Act claim for lack of subject matter jurisdiction where

23   "[p]laintiff had failed to exhaust her administrative remedies by presenting an administrative claim

24   to the appropriate federal agency before filing her complaint in district court."). "The requirement

25   of an administrative claim is jurisdictional. Because the requirement is jurisdictional, it must be

26   strictly adhered to. This is particularly so [where it] waives sovereign immunity." *Id*.

27                    **a.       Whistleblower Protection Act and Civil Service Reform Act Claim, 5
                                  U.S.C. 2302 *et seq*.**

28

24

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

1      The Court now addresses Ardalan's Whistleblower claim. Ardalan alleges that Defendants

2   retaliated against her for disclosing deficiencies in DLI's curriculum in violation of the Civil

3   Service Reform Act of 1978, as amended by the Whistleblower Protection Act of 1989, 5 U.S.C. §

4   2302 *et seq*. *See* ECF No. 1 ¶ 26. Defendant Farr moves to dismiss Ardalan's entire Complaint,

5   including her Whistleblower claim, under Rule 12(b)(1) for lack of subject matter jurisdiction on

6   the basis that Ardalan has failed to exhaust her administrative remedies. *See* ECF No. 16 at 7-9.

7   Defendants McHugh and Hadden move to dismiss Ardalan's Whistleblower claim on the same

8   basis. *See* ECF No. 19 at 11-12. In her Response, Ardalan does not address Defendants' arguments

9   for dismissing her Whistleblower claim. For the reasons described below, the Court finds that

10   Ardalan has failed to exhaust the administrative remedies available for her Whistleblower claim,

11   but dismisses with leave to amend.

12      The Civil Service Reform Act of 1978, as amended by the Whistleblower Protection Act of

13   1989, establishes certain protections for federal employee whistleblowers. *Spruill v. Merit Sys.*

14   *Prot. Bd.*, 978 F.2d 679, 682 (Fed. Cir. 1992). As amended, 5 U.S.C. § 2302 provides, in relevant

15   part:

16      Any employee who has authority to take, direct others to take, recommend, or approve any

17   personnel action, shall not, with respect to such authority ... take or fail to take, or threaten
     to take or fail to take, *a personnel action with respect to any employee or applicant for*

18   *employment because of ... any disclosure of information by an employee or applicant which*
     *the employee or applicant reasonably believes evidences ... gross mismanagement, a gross*

19   *waste of funds, [or] an abuse of authority ...*

20   5 U.S.C. § 2302(b)(8) (emphasis added). In other words, "Section 2302(b)(8) describes certain

21   activities which have come to be known as 'whistleblowing,' and prohibits adverse personnel

22   actions against federal government employees in reprisal for such activities." *Spruill*, 978 F.2d at

23   681. The retaliatory personnel actions prohibited above include "reinstatement," "restoration," and

24   "*reemployment*," among others. *See* 5 U.S.C. § 2302 (a)(2)(A) (emphasis added). "[A]n employee,

25   former employee, or *applicant for employment*," who believes that she was subjected to one of

26   these prohibited personnel actions may "seek corrective action from the [Office of] Special

27   Counsel." *See* 5 U.S.C. § 1214(a)(3) (emphasis added). If she is unsatisfied with the Special

28

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

1   Counsel's decision, she may then file a complaint with the Merit Systems Protection Board

2   ("MSPB"). *See* 5 U.S.C. § 1221(a). Finally, if that MSPB administrative complaint is unsuccessful,

3   the employee or applicant "may obtain judicial review of the [MSPB's] order or decision." *See* 5

4   U.S.C. § 1221(h)(1), (h)(2). Subject to one exception discussed at the end of this Section, the

5   United States Court of Appeals for the Federal Circuit, and not the district court, has sole

6   jurisdiction to review such MSPB decisions regarding Whistleblower claims for retaliation in

7   violation of 5 U.S.C. § 2302(b)(8). *See* 5 U.S.C. § 7703(b)(1)(A); *see Weber v. United States*, 209

8   F.3d 756, 758 (D.C. Cir. 2000) ("the MSPB's decision is appealable to the Federal Circuit").

9   Where a plaintiff has failed to exhaust her administrative remedies under the Office of Special

10  Counsel and MSPB, the Federal Circuit lacks subject matter jurisdiction to hear the claim. *See*

11  Brady, 211 F.3d at 502; *see also Weber*, 209 F.3d at 758 ("An employee who believes he has been

12  the victim of a prohibited personnel practice must first complain to the [Office of Special

13  Counsel].")

14          In her Whistleblower claim, Ardalan alleges that "Defendants have intended to inhibit her

15  1st Amendment activity and her Constitutional rights" by retaliating against her "since 1992 to

16  present" for her "whistle-blowing reports to the government officials about the DLI civilian

17  management." *See* ECF No. 1 ¶ 26. This retaliation includes, according to Ardalan, "denying

18  employment not only at DLI but by other employers." *See id*. Additionally, Ardalan incorporates

19  into her Whistleblower claim by reference allegations that Defendants McHugh, Hadden and Farr

20  violated her First Amendment and Fourteenth Amendment rights. *See id*. ("Plaintiff incorporates

21  by references [sic]... paras 17-25"). However, nowhere in her Complaint or in her Response does

22  Ardalan allege that she sought corrective action for the alleged retaliatory conspiracy "since 1992

23  to present" through the administrative channels of the Office of Special Counsel or to the MSPB.

24  *See* ECF Nos. 1, 29. But even if Ardalan had exhausted these administrative remedies, this Court

25  still would have no jurisdiction to hear Ardalan's retaliation claim. The plain language of U.S.C. §

26  7703 states that jurisdiction to review the MSPB's findings in retaliation claims brought under the

27  Whistleblower Protection Act rests solely with the Federal Circuit, not the district courts, as stated

28

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

above. *See* 5 U.S.C. §7703(b)(1)(A); *Weber v. United States*, 209 F.3d at 758; *Tolliver v. Deniro*, 790 F.2d 1394, 1395 (9th Cir. 1986). Accordingly, the Court GRANTS Defendants' Motions to Dismiss Ardalan's Whistleblower claim under Rule 12(b)(1) for lack of subject matter jurisdiction. Despite this jurisdictional defect, the Court dismisses this claim with leave to amend for the reasons set forth below.

As noted earlier in this Section, there is one exception to the requirement that the Federal Circuit, and not the district court, has jurisdiction to review MSPB decisions in Whistleblower Protection Act claims. A federal employee alleging that she has been the subject of an adverse personnel action motivated by retaliation *and* discrimination is alleging what is called a "mixed case," and thereby has an alternate set of administrative remedies available to her, and those remedies are reviewable by district courts. Specifically, an "employee or applicant for employment" has what is called a "mixed case" in this administrative regime when she "has been affected by an action which the employee or applicant may appeal to the [MSPB], and [2] alleges that a basis for the action was discrimination prohibited by section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16)." *See* 5 U.S.C. § 7702(a)(1)(A), (a)(1)(B); *see also* 29 C.F.R. § 1614.302 ("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the [MSPB]."); *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986) (describing a mixed case as containing both an allegation of "an adverse action normally appealable to the MSPB *and* an allegation that a basis for the action was discrimination.").

A federal employee asserting a "mixed case" claim may bypass the Office of Special Counsel and MSPB administrative process described above and instead file an administrative complaint directly with the EEOC. Once the EEOC renders a final decision, the employee may, within 30 days, appeal that decision to the MSPB or *the employee may bypass the MSPB altogether and appeal the EEOC decision directly to a district court*. *See* 5 U.S.C. § 7702(a); 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a). As the Ninth Circuit has noted when distilling this

27

United States District Court
For the Northern District of California

labyrinth of federal regulations, "[w]hile only the Court of Appeals for the Federal Circuit can review MSPB decisions in cases that do not entail discrimination claims, if a case is a mixed one, judicial review must be sought in district court . . ." *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993).[10]

Critically here, if Ardalan has pleaded a "mixed case," this Court would have jurisdiction to review her claim because there is one EEOC decision which Ardalan has timely appealed to this court within the 30-day window to appeal an EEOC final decision in a "mixed case." Notably, Ardalan's most recent EEOC proceeding, identified as proceeding 8, *infra* Section III.D.1, received an EEOC final determination on February 28, 2013. *See* ECF No. 32 at 7. Ardalan filed her Complaint with this Court on March 13, 2013, *see* ECF No. 1, well within the 30-day window to appeal an EEOC final decision in a mixed case, *see* 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a).

However, the Court cannot conclude that Ardalan's Whistleblower claim is asserted as a "mixed case" claim rather than a pure retaliation claim. This is because Ardalan does not explicitly allege discrimination as a basis for her adverse personnel action (DLI's act of declining to rehire her). *See* ECF No. 1 ¶ 26. Ardalan does not incorporate any allegations of a discriminatorily motivated decision not to rehire her, nor does she make any reference to the EEOC decisions that would underlie a "mixed case" claim. *Compare id.*, *with id.* ¶¶ 14-16. Rather, Ardalan simply pleads in her Whistleblowing claim that Defendants' retaliation was a direct response to her 1992

---

[10] As one circuit court has described, "[t]he MSPB and EEOC regulations that structure the prosecution of mixed cases are extremely complicated." *Butler v. West*, 164 F.3d 624, 638 (D.C. Cir. 1999). "An employee who intends to pursue a mixed case has several paths available to her. At the outset, the aggrieved party can choose between filing a "mixed case complaint" with her agency's EEO[C] office and filing a "mixed case appeal" directly with the MSPB. *See* 29 C.F.R. § 1614.302(b). The *Butler* court observed that "[b]y statute, the relevant agency EEO[C] office and the MSPB can and must address both the discrimination claim and the appealable personnel action. *See* 5 U.S.C. § 7702(a). *Should she elect the agency EEO[C] route, within thirty days of a final decision she can file* an appeal with the MSPB or *a civil discrimination action in federal district court*. *See* 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a). If 120 days pass without a final decision from the agency's EEO[C] office, the same avenues of appeal again become available: the complainant can file either a mixed case appeal with the MSPB *or a civil action in district court*. *See* 5 U.S.C. §§ 7702(e)(1)(A), 7702(e)(2); 29 C.F.R. §§ 1614.302(d)(1)(i), 1614.310(g); 5 C.F.R. § 1201.154(b)(2)." *Id.* (emphasis added).

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

whistleblowing *regarding the quality of the DLI curriculum. See id.* ¶¶ 26, 76-79. Despite this, because the Court must give pro se plaintiffs the benefit of every doubt, the Court dismisses Ardalan's Whistleblowing claim with leave to amend. This is because the Whistleblowing section of her complaint does at least incorporate by reference her 14th Amendment claim. *See id.* ¶ 26. The Court takes this path in order not to foreclose Ardalan's ability to appeal this EEOC decision by filing a "mixed case" Whistleblower claim. However, should Ardalan choose to amend this claim, the Court urges her to restyle it as a "mixed case" claim and allege specifically how the basis of DLI's retaliation against her was discrimination.

### b. Privacy Act Claim, 5 U.S.C. § 552 *et seq.*

The Court now considers Ardalan's Privacy Act claim. Ardalan alleges that all three Defendants violated the Privacy Act, 5 U.S.C. § 552, when EEOC staff members repeatedly "inserted her [Social Security number] on signed [EEOC complaint] documents in view of Plaintiff's continual and adamant objections," with one manager saying to Ardalan "I place your Social Security Number, and you run after your rights – See who will listen to you." ECF No. 1 ¶ 68. Farr moves to dismiss Plaintiff's entire Complaint, including her Privacy Act claim, under Rule 12(b)(1) on the basis that Ardalan has not exhausted her administrative remedies. *See* ECF No. 16 at 9. McHugh and Hadden move to dismiss her Privacy Act claim on the basis that she does not explain how they violated the Privacy Act. *See* ECF No. 19 at 14. As explained below, the Court dismisses Ardalan's Privacy Act claim as to all Defendants because Ardalan has failed to exhaust her administrative remedies, and thus, the Court lacks subject matter jurisdiction to hear this claim.

The Privacy Act of 1974, 5 U.S.C. §552 *et seq*, requires, among other things, that federal agencies "'maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.'" *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 414 (9th Cir. 2009) (quoting 5 U.S.C. § 552a(e)(5)). The Privacy Act further requires that each agency establish an administrative process through which individuals may review such records and petition to have inaccurate records amended. *See* 5 U.S.C. § 552a(f)(4).

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

The plain language of the Privacy Act states that federal courts only have jurisdiction to hear Privacy Act accuracy claims once a plaintiff has exhausted these administrative remedies. 5 U.S.C. § 552(a)(g)(1).[11] However, once these administrative remedies are exhausted, an individual may file a claim seeking amendment of the inaccurate records and damages. *See Hewitt v. Grabicki*, 794 F.2d 1373, 1377 (9th Cir. 1986) (citing § 552a(g)(1)(A), (g)(1)(C), (g)(2)(A) & (B), (g)(4)(A) & (B)).

Ardalan does not allege or provide any indication that she has exhausted any Privacy Act administrative processes to review and amend these EEOC records. *See* ECF No. 1 ¶¶ 67-68. Indeed, Ardalan states only that Defendants violated her "constitutional rights" and, therefore, the Privacy Act, when EEOC staff added her Social Security number to each of her formal EEOC complaints against her verbal protests. *Id.* Therefore, the Court finds that Ardalan has failed to exhaust her administrative remedies for her Privacy Act claim. The Court GRANTS Defendant Farr's Motion to Dismiss Ardalan's Privacy Act claim under Rule 12(b)(1) for lack of subject matter jurisdiction and sua sponte dismisses Ardalan's Privacy Act claim against Hadden and McHugh under Rule 12(h)(3) for lack of subject matter jurisdiction. This claim is dismissed with leave to amend as against all Defendants so that Ardalan may allege that she did exhaust administrative remedies. Leave to amend is granted because none of the conditions noted in *Leadsinger* have been met here.

### c. "Common Law Tort" Claim

---

[11] 5 U.S.C. § 552(a)(g)(1) states:

> Whenever any agency **(A)** makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection; **(B)** refuses to comply with an individual request under subsection (d)(1) of this section; **(C)** fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or **(D)** fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

1   One cause of action in Ardalan's compliant is labeled "Punitive Damages" and contains a

2   discussion that the Court previously construed as a prayer for punitive damages, *supra* Section I.B.

3   *See* ECF No. 1 ¶ 73. However, within that cause of action, Ardalan alleges "the continuation of the

4   violation of the common law tort against Defendants." *Id*. In regard for the liberal pleading

5   standard afforded to pro se plaintiffs, the Court construes this allegation as a claim under the

6   Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, "the exclusive waiver of

7   sovereign immunity for suits against the United States sounding in tort." *Gottschalk*, 2013 WL

8   4103607, at *9. Defendant Farr moves to dismiss Ardalan's Complaint, and thus this tort claim, on

9   the basis that Ardalan "fail[ed] to exhaust her administrative remedies under the FTCA." *See* ECF

10   No. 16 at 9. Though McHugh and Hadden do not address this tort allegation or the FTCA in their

11   Motion to Dismiss, they move to dismiss all claims, except the Title VII claim, on the basis that

12   Title VII "is the exclusive remedy for claims of discrimination based on ... national origin." *See*

13   ECF No. 19 at 8. Ardalan does not address her tort claim or Farr's FTCA argument in her

14   Response. *See* ECF No. 29.

15   "The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, waives the sovereign

16   immunity of the United States for actions in tort." *Jerves v. United States*, 966 F.2d 517, 518 (9th

17   Cir. 1992). It "bars claimants from bringing suit in federal court until they have exhausted their

18   administrative remedies" set forth in the FTCA. *McNeil v. United States*, 508 U.S. 106, 113 (1993);

19   *accord Jerves*, 966 F.2d at 520. Here, Ardalan's Complaint provides neither an allegation nor a

20   plain language description of in what tortious conduct Defendants allegedly engaged. *See* ECF No.

21   1 ¶ 73 (simply alleging "the continuation of the violation of the common law tort against

22   Defendants."). The Complaint also lacks any indication that Ardalan pursued, let alone exhausted,

23   administrative remedies for Defendants' conduct. Accordingly, the Court finds that Ardalan has

24   failed to exhaust the administrative remedies for her FTCA claim. The Court therefore GRANTS

25   Farr's Motion to Dismiss Ardalan's tort claim under Rule 12(b)(1) and sua sponte dismisses

26   Ardalan's tort claim against Defendants McHugh and Hadden under Rule 12(h)(3) for lack of

27   subject matter jurisdiction. This claim is dismissed with leave to amend as against all Defendants

28

31

so that Ardalan can have one last chance to allege that she did exhaust administrative remedies. This claim is dismissed with leave to amend because none of the conditions noted in *Leadsinger* have been met here.

### 4. Article III Standing: Criminal Claims, 18 U.S.C. §§ 242, 245, 1505, 1506, 1512, 1622[12]

The Court now addresses Ardalan's claims which must be dismissed for lack of Article III standing. Ardalan asserts that all three Defendants have violated criminal statutes 18 U.S.C. §§ 242, 245, 1505, 1506, 1512, 1622, *see* ECF No. 1 ¶¶ 27-28, and that the actions of Defendants Hadden and Farr "require[] criminal investigation," *id*. ¶ 12. Defendant Farr moves to dismiss all criminal allegations against him on the basis that private citizens lack Article III standing to bring claims under criminal statutes. *See* ECF No. 16 at 6-7. Defendants McHugh and Hadden move to dismiss Ardalan's claims for violation of 18 U.S.C. §§ 1505 and 1506 on identical Article III standing grounds. *See* ECF No. 19 at 13. In her Response, Ardalan does not address this standing argument but instead merely reiterates her criminal allegations against Defendants. *See* ECF No. 29 at 22-24. The Court agrees with Defendants that, as a private citizen, Ardalan lacks Article III standing to bring claims under these criminal statutes.

To have Article III standing, a plaintiff must plead and prove that she has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. *See Clapper v. Amnesty Int'l*, —— U.S. ——, 133 S.Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997))). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504

---

[12] Ardalan also states claims for "Obstruction of Proceedings" under **42** U.S.C. § 1505 and for "Theft or Alteration of Record Documents" under **42** U.S.C. § 1506. *See* ECF No. 1 ¶¶ 60-66 (emphasis added). As 42 U.S.C. §§ 1505 and 1506 regard housing of persons engaged in national defense, the Court finds that these claims are mis-numbered and should instead be read as additions to or restatements of Ardalan's claims brought under **18** U.S.C. § 1505 (obstruction of proceedings) and **18** U.S.C. § 1506 (theft of alteration of records), respectively. *Compare* ECF No. 1 ¶¶ 27-50 (emphasis added), *with* ¶¶ 60-66. In light of the liberal pleading standard afforded to pro se plaintiffs, the Court incorporates the facts pled under the headings 42 U.S.C. § 1505 and 42 U.S.C. § 1506, *id*. ¶¶ 60-66, into Ardalan's Title 18 criminal claims.

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

1    U.S. 555, 561 (1992). If the plaintiff lacks standing under Article III of the U.S. Constitution, then

2    the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co.*, 523 U.S.

3    at 101–02.

4          Title 18 of the United States Code provides criminal liability for, among other things,

5    deprivation of rights (§ 242); violation of certain federally protected activities (§ 245); obstruction

6    of proceedings before federal departments, agencies, and committees (§ 1505); theft or alteration of

7    records or process (§1506); witness tampering (§ 1512); and subordination of perjury (§ 1622). The

8    Supreme Court has held that "in American jurisprudence ... a private citizen lacks a judicially

9    cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410

10   U.S. 614, 619 (1973). In other words, a private litigant "*lacks standing* to compel an investigation

11   or prosecution of another person." *Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed.

12   App'x 457, 458 (9th Cir. 2011) (emphasis added)*; see also Hamilton v. Reed*, 29 Fed. App'x 202,

13   204 (6th Cir. 2002) (finding no private right of action conveyed by 18 U.S.C. §§ 1505 and 1506);

14   *Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009) *aff'd*, 350 Fed. App'x 605 (3d Cir.

15   2009) (dismissing pro se plaintiff's claims for violation of 18 U.S.C. §§ 242, 1506, and 1512 on the

16   basis that these criminal statutes do not convey a private right of action); *John's Insulation, Inc. v.*

17   *Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (finding no private right of action

18   conveyed by 18 U.S.C. § 245); *see also Ou-Young v. Vasquez*, No. 12-CV-2789, 2012 WL

19   5471164, at *5 (N.D. Cal. Nov. 9, 2012) (dismissing Plaintiff's claim under Rule 12(b)(6) because

20   "this Court has found no authority to support Plaintiff's claim that a private right of action exists

21   under [18 U.S.C. §1512(b), (c)].").

22         The Court finds that, under these Supreme Court and Ninth Circuit precedents, Ardalan, a

23   private citizen, lacks Article III standing to bring claims under these criminal statutes. Thus, the

24   Court GRANTS Farr's Motions to Dismiss all of Ardalan's criminal claims on the basis of Rule

25   12(b)(1). The Court also GRANTS McHugh and Hadden's Motion to Dismiss Ardalan's claims for

26   violation of 18 U.S.C. §§ 1505 and 1506 under Rule 12(b)(1), and sua sponte dismisses the rest of

27   Ardalan's criminal claims against McHugh and Hadden on the basis of Rule 12(h)(3) for lack of

28

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

subject matter jurisdiction. As there is no way for Ardalan to cure the jurisdictional defects in these criminal claims, these claims are DISMISSED WITH PREJUDICE.

For the foregoing reasons explained above, the Court finds that subject matter jurisdiction is lacking for Plaintiffs' second, third, fourth, fifth, sixth, seventh, eighth, and ninth claims.

### D.     Title VII Claim, 42 U.S.C. §2000e *et seq.*

Ardalan alleges that Defendants Farr, McHugh, and Hadden violated Title VII, 42 U.S.C. § 2000e-16, on the basis that DLI declined to rehire her for "almost 90 vacancies" since October 2, 2001. *See* ECF No. 1 ¶ 14-15. Defendant Farr moves to dismiss Ardalan's Complaint, including the Title VII claim, on the bases that the Complaint lacks subject matter jurisdiction, is time-barred, and fails to state a claim upon which relief can be granted. *See* ECF No. 16 at i. Defendants McHugh and Hadden move to dismiss Ardalan's Title VII claim on the bases that Defendant McHugh is the only proper defendant for this claim and Ardalan's claim fails to state a claim under Rule 12(b)(6). *See* ECF No. 19 at 8-9. In their Reply, McHugh and Hadden assert that Ardalan's claims concerning DLI's denial of rehire prior to 2009 are time-barred and thus the Court lacks subject matter jurisdiction to hear them and that Ardalan cannot allege a *prima facie* case of discrimination for her timely claims. *See* ECF No. 32 at 4-9. As discussed below, the Court finds that Plaintiff is time barred from bringing a Title VII claim on six of the eight EEOC proceedings she has initiated since October 2, 2001. Defendant McHugh is the only proper subject of Ardalan's two surviving Title VII claims. As for the two surviving Title VII claims, Ardalan has not stated a claim for relief against McHugh that is plausible on its face. Thus, the Court GRANTS Defendants' Motions to Dismiss Ardalan's Title VII claim under Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction with respect to Farr and Hadden, and Rule 12(b)(6) for failure to state a claim with respect to McHugh. The claim is DISMISSED WITH PREJUDICE as to Farr and Hadden, as there is nothing Ardalan can do to cure the jurisdictional deficiency of her claim against these Defendants. The claim is dismissed with leave to amend as to McHugh.

### 1.     Plaintiff's Title VII claims based on her first six EEOC proceedings are time barred

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for a federal

government employer to discriminate against an employee or applicant on the basis of race, color,

religion, sex, or national origin. *See* 42 U.S.C. § 2000e *et seq*. An individual alleging that her

employer violated Title VII may petition the EEOC for review of that personnel action, *see id*.; 29

C.F.R. § 1600 *et seq*., and may file a Title VII claim in district court "within 90 days of receipt of

the [EEOC's] final decision on an appeal," among other criteria, *see* 29 C.F.R. § 1614.407.[13]

However, if the employee does not exhaust her administrative remedies through the EEOC and/or

files her complaint after the 90-day limit has run, the District Court lacks subject matter jurisdiction

to hear the Title VII claim, and the claim should be dismissed. *See Baldwin Cnty. Welcome Ctr. v.

Brown*, 466 U.S. 147, 152 (1984) (holding that district courts should "strictly adhere[]" to this 90-

day limitation).

Since October 2, 2001,[14] Ardalan has filed eight administrative complaints with the EEOC

alleging that DLI engaged in employment practices prohibited by Title VII when DLI declined to

rehire her for various language instruction positions. *See* ECF No. 34 ¶¶ 1-2, Attachments 1-5; *see

also* ECF No. 32 at 5-6. Each of Ardalan's eight EEOC complaints received a final EEOC agency

decision, making it eligible to serve as the basis of a district court Title VII complaint and initiating

the 90-day window for filing such a complaint. The dates Ardalan filed each of her eight EEOC

complaints and the dates of the final EEOC agency decision on each complaint are as follows: (1)

complaint filed November 8, 2002, reconsideration of finding of no discrimination denied

November 29, 2004; (2) complaint filed November 30, 2004, reconsideration of finding of no

discrimination denied May 29, 2008; (3) complaint filed April 19, 2005, reconsideration of no

finding of discrimination denied May 29, 2008; (4) complaint filed July 7, 2006, reconsideration of

finding of no discrimination denied April 2, 2008; (5) complaint filed September 11, 2007, EEOC

Administrative Judge finding of no discrimination implemented July 25, 2008; (6) complaint filed

---

[13] In the Ninth Circuit, a plaintiff's 90-day window to file a Title VII complaint in district court is presumed to begin running three days after the agency decision is issued. *See Payan v. Aramark*, 495 F.3d 1119, 1125-26 (9th Cir. 2007) ("[w]e adopt the three-day presumption").

[14] All claims against Defendants for Title VII violations prior to October 2, 2001 are barred by the doctrine of res judicata as discussed in Section III.B.

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

March 12, 2007, EEOC Administrative Judge finding of no discrimination implemented July 25, 2008; (7) complaint filed November 23, 2009, reconsideration of finding of no discrimination denied December 13, 2012; and (8) complaint filed September 9, 2011, reconsideration of finding of no discrimination denied February 28, 2013. *See* ECF No. 20 ¶¶ 3-7, 12, Exhs. A-E, J; ECF No. 34 ¶¶ 2-4, Attachments 1-5; *see also* ECF No. 32 at 5-7 (listing filing dates, outcomes, and dates of final decisions for all EEOC actions).

It is clear that final EEOC determinations 1, 2, 3, 4, 5, and 6 above were rendered well over 90 days before Ardalan filed her Title VII claim with this Court on March 13, 2013. *See* ECF No. 1. Accordingly, the Court finds that Ardalan is time-barred from bringing a Title VII claim based on EEOC proceedings 1, 2, 3, 4, 5, and 6 above. *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 152 (requiring strict adherence to this 90-day limitation); *Payan*, 495 F.3d 1119 (same). However, Ardalan is not time barred from bringing a Title VII claim based on EEOC proceedings 7 and 8 because the final EEOC determination in these matters (December 13, 2012 for EEOC proceeding 7 and February 28, 2013 for EEOC proceeding 8) occurred within 90 days of Ardalan filing her Complaint with this Court on March 13, 2013. *See* ECF No. 1. The Court addresses the sufficiency of the Title VII claim based on these two EEOC proceedings below.

### 2.      Proper Defendant for Title VII Claim

The plain language of Title VII states that a federal employee unsatisfied by an EEOC decision may within 90 days "file a civil action as provided in section 2000e-5 of this title, in which civil action *the head of the department, agency, or unit, as appropriate, shall be the defendant*." 42 U.S.C. § 2000e-16(c) (emphasis added). Numerous courts in this district have thus held that "[w]hen a federal employee alleges employment discrimination, the only proper defendant is the head of the agency which employs them." *Hercules v. Dep't of Homeland Sec.*, No. 07-CV-0270, 2008 WL 1925193, at *21 (N.D. Cal. Apr. 29, 2008) (dismissing all defendants except Homeland Security Secretary) (citing *Vinieratos v. United States Dep't of the Air Force*, 939 F.2d 762, 772 (9th Cir. 1991)); *see also Kunamneni v. Gutierrez*, No. 08-CV-5154, 2009 WL 909831, at *2 (N.D. Cal. Apr. 2, 2009).

36

As DLI is a U.S. Army language school, ECF No. 1 ¶ 1, n.1, the proper defendant in Ardalan's Title VII claim is McHugh as Secretary of the Army. *See Smith v. U.S. Army Corps of Engineers*, 829 F. Supp. 2d 176, 183 (W.D.N.Y. 2011) (finding the Secretary of the Army to be the only proper defendant of a Title VII claim by a former civilian employee of the Army Corps of Engineers). The Court considers the sufficiency of this claim below.

As Congress has not otherwise "unequivocally expressed" its intention to waive sovereign immunity for Defendants Hadden and Farr, *see Lehman*, 453 U.S. at 160-61, the Court lacks subject matter jurisdiction to hear Ardalan's Title VII claim against Hadden and Farr. Accordingly, the Court GRANTS Defendants' Motions to Dismiss Ardalan's Title VII complaint against Hadden and Farr under Rule 12(b)(1) and 12(h)(3). This claim is DISMISSED WITH PREJUDICE as against these defendants, as there is no way for Ardalan to cure this jurisdictional defect.

### 3. Sufficiency of Title VII Claim

The Court now proceeds to consider the sufficiency of Ardalan's Title VII claim as stated against McHugh. Although Ardalan's two most recent EEOC proceedings provide a basis for which she can bring a timely Title VII claim before this Court, McHugh argues that Ardalan's Title VII claim should be dismissed for failure to state a claim under Rule 12(b)(6). *See* ECF No. 19 at 8-9. The Court agrees.

To state a claim of employment discrimination under Title VII, Ardalan must allege that (1) she belongs to a protected class, (2) she was qualified for the job, (3) she was subject to an adverse employment action, and (4) similarly-situated individuals outside her protected class were treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Luckey v. Visalia Unified Sch. Dist.*, No. 1:13–cv–00332–AWI–SAB, 2013 WL 3166331 at *3 n.1 (E.D. Cal. 2013) (holding that plaintiff's Title VII claim failed to state a claim because "[p]laintiff alleged no facts that he suffered discriminatory treatment *based on* race, color, national origin, sex or age.") (emphasis added).

Ardalan fails to state a claim for employment discrimination because she does not allege anywhere in her complaint that DLI declined to rehire her *because* of her national origin or as a

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

result of any other discriminatory motives beyond the bare legal conclusion that "she has been treated disparately by the Defendants and their agents, who have denied her equal protection under the law." *See* ECF No. 1 ¶¶ 14-16. Ardalan's only other allegation of disparate treatment, which happens not to be alleged in her Complaint's Title VII section, is that both she and another DLI instructor of Middle Eastern descent were denied re-employment after they engaged in whistleblowing, *see id.* ¶ 122, "while [a DLI dean] from the East European national origin was neither reprimanded nor terminated [for] infamous workplace violations," *id.* ¶ 118. Further, Ardalan's allegations in other sections of her Complaint suggest that the DLI declined to rehire her specifically because of a written, formal policy not to rehire employees terminated for cause. Notably, Ardalan concedes that the DLI maintained a formal policy not to rehire individuals previously terminated for cause during the period in which she applied for the six positions that underlie her two timely EEOC complaints. This is because she alleges that as of August 2008, DLI maintained a formalized policy not to re-hire employees who had been previously terminated for cause (the "No Hire" policy). *See* ECF No. 1 ¶ 44. Indeed, DLIFLC Regulation 690-1(6)(c)(2), dated August 18, 2008, states that "[DLI] employees who are adversely terminated will then be disqualified from any future appointment for positions with [DLI]." *See* ECF No. 20, Ex. I at 3. Although Ardalan applied for "nearly 90" positions at DLI after October 2, 2001, *see* ECF No. 1 ¶ 3, only six of these applications are relevant here. This is because Ardalan's timely EEOC complaints (EEOC proceedings 7 and 8) concern the DLI's denial of her applications for six faculty positions posted between 2009 and 2011. ECF 35 ¶ 7; *see also* ECF No. 32 at 6-7. Thus, based on Ardalan's own statements, the formal No Hire policy was in place at all times during which Ardalan applied for these six positions. Ardalan's own allegations thus suggest that DLI declined to rehire her not because of her national original but because of a written, formal policy not to rehire employees terminated for cause.

Moreover, Ardalan's allegations in other sections of the Complaint suggest that any retaliation against her was the direct outcome of her *whistleblowing* in 1992 regarding the quality of DLI's curriculum, and not her national origin. Ardalan alleges that in response to this 1992

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

1  whistleblowing, "DLI civilian management ... orchestrated vast retaliatory measures against

2  Plaintiff as follows ... [d]enial of promotions ... demotion causing reduction of salary...

3  [b]lackballing Plaintiff through conspiracy with his administration ... [and] *instructing [DLI staff]*

4  *to make sure Plaintiff would never be rehired at DLI.*" *Id.* ¶¶ 78, 79 (emphasis added). In other

5  words, Ardalan's own Complaint suggests that DLI's motive for denying the six employment

6  applications underlying her timely EEOC complaints was retaliation for her whistleblowing

7  regarding the quality of the language curriculum.

8       Accordingly, the Court finds Ardalan has not stated a claim of discrimination. The Court

9  GRANTS Defendants McHugh and Hadden's Motion to Dismiss Ardalan's Title VII claim against

10  McHugh under Rule 12(b)(6). This claim is dismissed with leave to amend for Ardalan to allege

11  she was not rehired because of her national origin. Leave to amend is granted because none of the

12  conditions noted in *Leadsinger* have been met here.

13       **E.**    **Ardalan's Motions for Default Judgment**

14       On June 18, 2013, Ardalan filed a Motion for Default Judgment against Defendant Farr on

15  the basis that Farr's Motion to Dismiss her Complaint was not timely filed as required by Federal

16  Rule of Civil Procedure 12(a)(2)-(a)(3). *See* ECF No. 30. Farr filed an opposition on June 25, 2013.

17  *See* ECF No. 33. On July 8, 2013, Ardalan withdrew the Motion for Default Judgment against Farr.

18  *See* ECF No. 37. On July 9, 2013, Ardalan filed a Declaration "in support of Withdrawal of Motion

19  for Default Judgment," ECF No. 39. Because Ardalan withdrew this motion, the Court DENIES

20  the Motion as moot.

21       On July 9, 2013, Ardalan filed a separate Motion for Default Judgment against Defendants

22  McHugh and Hadden on the basis that McHugh and Hadden's Motion to Dismiss was not timely

23  filed as required by Rule 12(a)(2)-(a)(3). *See* ECF No. 38. McHugh and Hadden filed their

24  Opposition to Ardalan's Motion for Default Judgment on July 10, 2013, *see* ECF No. 40, and

25  Ardalan replied on July 15, 2013, *see* ECF No. 41.

26       In her Motion for Default Judgment, Ardalan claims that McHugh and Hadden's June 4,

27  2013, Motion to Dismiss, ECF No. 19, was filed one day late. *See* ECF No. 38 at 1-2. Rule 12(a)(2)

28

39

Case No.: 13-CV-01138-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT

and 12(a)(3) require that a United States employee sued in his or her official or individual

capacities file any responsive pleadings "within 60 days after service on the United States

attorney." Fed. R. Civ. P. 12(a). Ardalan argues that, as the United States Attorney in this case was

served with the Complaint on April 4, 2013, the 60-day window for filing McHugh and Hadden's

Motion to Dismiss expired on June 3, 2013. *See* ECF No. 38 at 1-2. The Court need not reach the

timeliness issue because the Court DENIES Ardalan's Motion for Default Judgment against

Defendants McHugh and Hadden for other reasons as set forth below.

Federal Rules of Civil Procedure 55 governs the entry of default by the clerk and the

subsequent entry of default judgment by either the clerk or the district court. In pertinent part, Rule

55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is
> sought has failed to plead or otherwise defend, and that failure is shown by affidavit or
> otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made
> certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the
> amount due-must enter judgment for that amount and costs against a defendant who has
> been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment
> . . . .

Fed. R. Civ. P. 55(a), (b).

The Ninth Circuit has stated that Rule 55 requires a "two-step process," consisting of: (1)

seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. *Eitel v.*

*McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step

process required by Rule 55."); *Symantec Corp. v. Global Impact, Inc.,* 559 F.3d 922, 923 (9th Cir.

2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'").

In light of the requirement to obtain entry of default before seeking default judgment, courts

regularly deny motions for default judgment where default has not been previously entered. *See,*

*e.g., Marty v. Green,* No. No. 10-1823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011)

("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural

40

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

steps required to properly file a motion for default judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment."); *Norman v. Small,* No. 09-2233, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has not entered default"). In this case, default has not been entered against Defendants. Without first obtaining an entry of default against Defendants, Plaintiff's motion for default judgment is improperly before this Court. *See Marty*, 2011 WL 320303 at *3. Thus, the Court DENIES Ardalan's Motion for Default Judgment.

## IV.       CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Farr's Motion to Dismiss and Defendants McHugh and Hadden's Motion to Dismiss as follows: (1) all claims for conduct occurring prior to October 2, 2001 are dismissed with prejudice as they are barred by the doctrine of res judicata; (2) claims two, three, five, six, eight are dismissed with prejudice; (3) claims four, seven, and nine are dismissed with leave to amend; (3) claim one is dismissed with leave to amend as against Defendant McHugh and dismissed with prejudice as against Farr and Hadden. Ardalan's motions for default judgment are DENIED.

**IT IS SO ORDERED.**

Dated: November 27, 2013

_____
LUCY H. KOH
United States District Judge

41