UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| FERIAL KAREN ARDALAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN MCHUGH, et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-01138-BLF<br><br>**ORDER**<br>**(1) GRANTING DEFENDANT'S**<br>**MOTION TO DISMISS PLAINTIFF'S**<br>**FIRST AMENDED COMPLAINT; AND**<br>**(2) DENYING PLAINTIFF'S MOTION**<br>**FOR LEAVE TO AMEND THE FAC**<br><br>[Re:  ECF No. 54] |

Plaintiff Ferial Karen Ardalan ("Ardalan" or "Plaintiff") brings this First Amended Complaint ("FAC") against Defendant John McHugh, Secretary of the Army ("McHugh" or "Defendant"), alleging that Defendant terminated Plaintiff from her position as an instructor at the Defense Language Institute Foreign Language Center ("DLI") and failed to rehire her for discriminatory reasons, and that Defendant and employees of DLI engaged in a longstanding conspiracy to retaliate against Plaintiff in response to her whistleblowing activities. Plaintiff further brings a Motion for Leave to File a Second Amended Complaint, Equitable Estoppel and Tolling the Statute of Limitations ("Mot. for Leave"). Defendant opposes Plaintiff's Motion for Leave, and moves to dismiss the First Amended Complaint in its entirety.

Having reviewed the submissions and oral argument of both parties and considered the relevant law and the record in this case, the Court GRANTS Defendant's Motion to Dismiss, but grants Plaintiff leave to amend, pursuant to the terms of this Order, with regard to her claims for discrimination under Title VII and the Whistleblower Act. All other claims are DISMISSED WITH PREJUDICE. The Court further DENIES in its entirety Plaintiff's Motion for Leave.

United States District Court
Northern District of California

# I.     BACKGROUND

## A.     Procedural History

### 1.     *The Initial Complaint*

Plaintiff filed her initial complaint in the instant case on March 13, 2013, bringing suit against three Defendants, McHugh, Congressman Sam Farr, and Carlton Hadden, Director of the Office of Federal Operations for the United States Equal Employment Opportunity Commission. (ECF 1) Farr filed a Motion to Dismiss on June 3, 2013. (ECF 16) McHugh and Hadden filed a separate Motion to Dismiss one day later, on June 4, 2013. (ECF 19) Plaintiff responded to the Motions to Dismiss on June 18, 2013. (ECF 29) On June 25, 2013, Farr filed a Reply, (ECF 31), and McHugh and Hadden filed a separate Reply. (ECF 32)

On November 27, 2013, the Court granted the Motions to Dismiss. (Dismissal Order, ECF 49) The Court granted Plaintiff leave to amend on four separate causes of action: (1) violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, for employment discrimination; (2) violation of the Whistleblower Protection Act of 1989 ("Whistleblower Act"), 5 U.S.C. § 2302, for retaliation; (3) violation of the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552(a), for adding Plaintiff's Social Security number onto her EEOC complaint forms without her consent; and (4) "common law tort" claims, which the Court construed to be claims under the Federal Tort Claims Act ("FTCA"). (ECF 49) The Court provided detailed instruction to Plaintiff in the ways in which amendment was needed in order to cure the jurisdictional and factual defects in these four causes of action. (*Id.*) The Court dismissed with prejudice Plaintiff's other five claims. (*Id.*) The claims dismissed with prejudice include two claims that the Plaintiff has re-alleged in the FAC: (1) a claim under 18 U.S.C. § 242 for infringement upon Plaintiff's constitutional rights, and (2) a claim under 28 U.S.C. § 1343 for deprivations of her civil rights. (*Id.*) In dismissing Plaintiff's Complaint, the Court held that "res judicata bars all of Ardalan's claims insofar as they allege violations that occurred prior to October 2, 2001." (Dismissal Order, ECF 49 at 11, 11-13)

United States District Court
Northern District of California

United States District Court
Northern District of California

### 2.    The FAC

On February 25, 2014, Plaintiff filed an FAC, alleging five causes of action and seeking various forms of compensatory and punitive damages. (ECF 51) Plaintiff's FAC sought relief only against McHugh, and she did not join Farr or Hadden as Defendants. (*Id.*) Defendant McHugh filed a Motion to Dismiss the FAC on March 25, 2014. (ECF 54) Plaintiff filed an Opposition on April 7, 2014. (ECF 55) Defendant replied on April 10, 2014. (ECF 56)

On May 5, 2014, before oral argument was heard on Defendant's Motion to Dismiss, Plaintiff filed a Motion for Leave, in order to file a Second Amended Complaint, and seeking equitable estoppel and tolling of the statute of limitations ("Mot. for Leave"). (ECF 63) Defendant opposed on May 12, 2014 ("Opp. to Mot. for Leave"), (ECF 66), and Plaintiff filed a Reply on May 16, 2014. (ECF 68)

At oral argument, Plaintiff informed the Court that she had recently discovered new evidence that would support her claims. She did not during the hearing inform the Court of the nature of this evidence. The Court provided Plaintiff the opportunity to file a supplemental brief detailing this new evidence, which Plaintiff filed on June 19, 2014 ("Pl.'s Supp. Brief"). (ECF 71) Defendant filed a timely Response to this brief, ("Def.'s Resp. to Supp. Brief"), on June 25, 2014. (ECF 72)

### 3.    Prior Administrative and Civil Actions

Plaintiff has previously filed four civil actions in this District related to her claims of retaliation and discrimination. *See Ardalan v. Monterey Institute Int'l Studies*, Case No. 03-cv-01075-JDF (filed June 18, 2004); *Ardalan v. White*, Case No. 01-cv-20935-JW (filed Oct. 2, 2001); *Ardalan v. Caldera*, Case No. 99-cv-20465-JW (filed May 20, 1999); *Ardalan v. USA*, Case No. 95-cv-20044-JW (removed to federal court Jan. 10, 1995). All four complaints resulted in dismissal or summary judgment in favor of defendants. *See ids.* Three of the decisions were affirmed by the Ninth Circuit. *See Ardalan v. Monterey Institute Int'l Studies*, 141 Fed. App'x 536 (9th Cir. 2005); *Ardalan v. White*, 58 Fed App'x 350 (9th Cir. 2003); *Ardalan v. Caldera*, 24 Fed. App'x 827 (9th Cir. 2001).

United States District Court
Northern District of California

1  In addition to her civil complaints, Plaintiff has filed twenty-three (23) separate complaints

2  with the United States Equal Employment Opportunity Commission ("EEOC") regarding her

3  termination as an instructor at DLI, and DLI's subsequent decisions not to rehire her. Plaintiff

4  further alleges in these EEOC complaints a conspiracy amongst employees at DLI, including

5  managerial staff, to retaliate against her for engaging in protected whistleblowing activities. (*See,*

6  *e.g.*, ECF 20 Exhs. A-E)

7       **B.**      **Factual Allegations in the FAC**

8       Plaintiff is an Iranian-born American citizen. (FAC, ECF 51 ¶ 1) From October 1989

9  through October 20, 1995, she was employed by DLI as a Farsi language instructor. (*See id.* ¶¶ 1,

10  4) Defendant is the Secretary of the United States Army. (*Id.* ¶ 10) DLI is an Army language

11  school, operating in Monterey, California, which provides training in various foreign languages

12  for military and civilian employees of the United States government. (*Id.* ¶¶ 1 n.1, 11)

13       Plaintiff alleges that she was terminated in 1995 because she engaged in whistleblowing

14  activities to the National Security Administration. She describes this whistleblowing as

15  "innocently and in good faith respond[ing] to the NSA Educational Investigators on the quality of

16  the Persian language curriculum and ma[king] suggestions for the improvement of the

17  curriculum," (FAC ¶ 56), along with other various reports she has filed with the EEOC, the

18  Department of Labor, and statements she has made to local newspapers. (*Id.* ¶¶ 52, 56) She further

19  alleges in her FAC that she has been "blackballed" by DLI after reporting "continual workplace

20  daily physical and verbal sexual harassment (touching, caressing & requesting cuddling in her

21  home)" that she was subjected to while employed at DLI, (*id.* ¶ 52), including writing letters to

22  Congressmen Leon Panetta and Sam Farr, and to commanders and managers at DLI. (*Id.*)

23       Plaintiff does not in her FAC describe the reason for her termination in 1995, other than as

24  a "constructive discharge." (FAC ¶ 4) Defendant, however, contends that Plaintiff was terminated

25  for cause after being absent without leave ("AWOL"). (*See* ECF 19 at 3, *see also* Def.'s Reply,

26  ECF 56 at 3 ("Plaintiff does not dispute that she was terminated for being AWOL.")) Plaintiff

27  does not allege in her FAC that her actual termination was for any reason other than cause, but

28

United States District Court
Northern District of California

rather that DLI retaliated against Plaintiff (and continues to do so) by failing to re-hire her. The operative adverse personnel actions in this FAC, therefore, are the times in which Plaintiff applied for positions with DLI and was not re-hired, and not her termination in 1995.

Plaintiff asserts that, following her termination, Defendant and employees at DLI engaged in a longstanding, nearly twelve-year conspiracy to deny her reemployment, both at DLI and elsewhere. (*See* FAC ¶¶ 2, 25)[1] Plaintiff charges that these individuals both knowingly gave adverse employment references to those at DLI responsible for hiring employees, and placed adverse employment references with other prospective employers who contacted DLI to verify Plaintiff's previous employment. (*Id.*) Plaintiff states that, between 2002 and 2012, she has applied for "almost 90 vacancies" at DLI, (*id.* ¶ 17), including in DLI's Persian Farsi and English as a Second Language ("ESL") programs. She further states that she was placed on "some sort of black list," (*id.* ¶ 36a), that a "red tag" signifying she was "terminated for cause – not rehireable" was placed on her applications, (*id.* ¶ 60), and that her applications for employment went "unanswered." (*Id.*) Apart from her applications to DLI, Plaintiff additionally alleges that "any prospective employer/s contacting the Agency CPO for employment verification [were told] that Plaintiff's 'termination was for cause.'" (*Id.* ¶ 36c)

After Plaintiff was not selected for any of the positions for which she applied at DLI, she filed complaints with the EEOC. (FAC ¶¶ 41-43) Plaintiff does not allege that the EEOC has ever found that DLI engaged in discriminatory or retaliatory treatment against Plaintiff. Plaintiff does allege, however, that "the EEO[C] Office continued to tamper with the dates and issues of the Complaints" Plaintiff filed. (*Id.* ¶ 72) Plaintiff argues in her FAC that the EEOC's determinations were in error in no small part due to bias and tampering on the part of EEOC employees, including an administrative law judge. (*Id.* ¶¶ 70-72)

---

[1] Plaintiff names throughout her FAC a number of individuals, including instructors, commanders, support staff, two congressmen, defense counsel, managers at the EEOC, and an administrative law judge as individuals who have taken part in this conspiracy. (*See, e.g.*, FAC ¶ 14). None of these individuals, other than Secretary McHugh, have been joined as defendants, but the Court will reference them when necessary to understand Plaintiff's allegations.

United States District Court
Northern District of California

1    Based on these facts, Plaintiff asserts five causes of action: (1) violations of Title VII for

2    employment discrimination based on her national origin; (2) violations of the Whistleblower Act,

3    for retaliation; (3) intentional infliction of emotional distress; (4) "deprivation of rights under color

4    of law," pursuant to 18 U.S.C. § 242; and (5) "[to] redress deprivation [and] to recover damages"

5    under 28 U.S.C. § 1343.[2] Plaintiff does not state whether she is bringing this suit against

6    Defendant in his individual or official capacity.[3]

7    Plaintiff seeks relief in the form of (1) a permanent injunction "ordering the Defendants to

8    employ Plaintiff [in] a position in a rank of Associate Professor," to cease disseminating

9    information about her termination to outside employers, and to "expunge the record [of] any

10   adverse reports" of Plaintiff's work history; (FAC at p. 29-31) (2) compensatory damages in the

11   form of "all back wages, lost salary differentials, bonuses, promotions, and benefits which

12   Plaintiff has lost since on or about year 2002 to date," damages for "physical and mental

13   suffering," legal costs and expenses, and "any future relief as this Court deems just and equitable;"

14   (*id.* at p. 30) (3) punitive damages; and (4) for the Court to "[i]ssue an Order for a federal

15   investigation" into the actions of Defendant and his agents. (*Id.* at p. 31)[4]

16

17

18   [2] Plaintiff also includes, on the cover page of her FAC, 28 U.S.C. § 1331, "USDC Jurisdiction and Federal Question," as a cause of action. This statute, however, only confers jurisdiction on the

19   Court, and does not give rise to an independent private right of action under which Plaintiff can seek relief.

20

21   [3] Plaintiff is pursuing this action pro se. This Court construes a pro se plaintiff's complaint so as to give the plaintiff the benefit of any doubt. *See, e.g.*, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th

22   Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that pro se pleadings are "subject to a lesser standard than pleadings drafted by lawyers"). The Court would

23   be remiss, however, not to point out that the Court's prior November Dismissal Order called Plaintiff's attention to this defect in her pleadings, which Plaintiff has not corrected. (Dismissal Order, ECF 49 at 6).

24

25   [4] Plaintiff does not articulate the exact form of relief she seeks in regard to such an investigation, but the Court construes her request as one for writ of mandamus to compel the investigation of

26   alleged criminal activity. This Court, like all federal district courts, lacks the power to compel a federal criminal investigation at the request of a citizen plaintiff. *See, e.g.*, *Leisure v. FBI of

27   Columbus, Ohio*, 2 Fed. App'x 488, 490 (6th Cir. 2001); *see also City of Milwaukee v. Saxbe*, 546 F.2d 693, 701 (7th Cir. 1976); *Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965).

28

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

A motion to dismiss brought under Rule 12(b)(1) will be granted if a complaint, read in its entirety, fails to allege facts sufficient to establish that the Court has subject matter jurisdiction to hear the action. *See, e.g.*, *Doe v. Hagee*, 473 F. Supp. 2d 989, 994 (N.D. Cal. 2007) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1039, 1040 (9th Cir. 2003)). When determining a Rule 12(b)(1) motion, the Court is not constricted to what is pleaded on the face of a complaint, but can also "review any evidence, such as affidavits and testimony, to resolve factual disputes regarding the evidence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). After the moving party brings a Rule 12(b)(1) motion, the opposing party bears the burden of establishing that the Court has jurisdiction. *See, e.g.*, *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)).

### B.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of her claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[5] This standard does not ask a

---

[5] In her Opposition to the Motion to Dismiss, Plaintiff contends, as she has in prior briefing, that the applicable standard for dismissing a motion under Rule 12(b)(6) is governed by the Supreme Court's holding in *Conley v. Gibson*, 355 U.S. 41, 46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Plaintiff's citation is inapposite, as the Supreme Court's decision in *Twombly* has abrogated this standard.

United States District Court
Northern District of California

1  plaintiff to plead facts that suggest she will probably prevail, but rather "it asks for more than a

2  sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

3  The Court must "accept factual allegations in the complaint as true and construe the pleadings in

4  the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

5  519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of

6  legal conclusions merely because they are cast in the form of factual allegations." *Kane v.*

7  *Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d

8  1061, 1064 (9th Cir. 2011)).

9      The Court, however, should liberally construe the pleadings of pro se plaintiffs. *See, e.g.*,

10  *Balistreri v. Pacifica Police Dep't*, 901 F.3d 696 (9th Cir. 1988). Pro se plaintiffs "must follow the

11  same rules of procedure that govern other litigants," *Brown v. Rumsfeld*, 211 F.R.D. 601, 605

12  (N.D. Cal. 2002), but the Court "has a duty to ensure that pro se litigants do not lose their right to

13  a hearing on the merits of their claim due to ignorance of technical procedural requirements."

14  *Balistreri*, 901 F.3d 696, 699 (noting that this rings particularly true "where civil rights claims are

15  involved").

16      **C.    Leave to Amend**

17      Pursuant to the Court's November Dismissal Order, Plaintiff has been granted leave to

18  amend four of her claims. Plaintiff has elected to amend three of those claims,[6] in addition to

19  reasserting two claims that were previously dismissed with prejudice.

20      Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a

21  complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate

22  *decision on the merits*, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

23  1122, 1127 (9th Cir. 2000) (en banc) (emphasis in original). The Court may deny leave to amend,

24  however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part

25  of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue

26

27  [6] Plaintiff did not reassert her Privacy Act claims under 5 U.S.C. § 552(a).

28

prejudice to the opposing party by virtue of allowance of the amendment, [and] *futility of amendment*." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added)).

### D.    Judicial Notice

Neither party has requested, for purposes of this Motion to Dismiss, that the Court take judicial notice of any documents. In general, a court should not look beyond the four corners of a complaint when ruling on a motion to dismiss. *See, e.g.*, *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). However, the Court *may* take judicial notice of documents in certain circumstances, and elects here to take judicial notice in three instances: (1) the fact of Plaintiff's 1995 termination for cause from DLI, (2) DLI Regulation 690-1, which bars an employee previously fired for cause from being rehired by DLI, and (3) five prior EEOC decisions on similar retaliation claims brought by Plaintiff against DLI and other Defendants. The Court addresses each in turn.

#### 1.    Plaintiff's Termination

Under Federal Rule of Evidence 201, the Court is permitted to take judicial notice of an adjudicative fact, which "must be [a fact] not subject to reasonable dispute that is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mack v. S. Bay Beer Distribs.*, 798 F.2d 1282 (9th Cir. 1986) (permitting the court to take judicial notice of "matters of public record"). In this case, the Court takes judicial notice of Plaintiff's termination for cause from DLI. Plaintiff explicitly references this termination in her FAC:

> Finally, the CPO Supervisor, Esther Rodriguez[,] called Plaintiff and requested a copy of Form SF-50, her termination. . . . [Plaintiff] was able to locate [Form SF-50] and produced it to Rodriguez at DLI. Ever since, the CPO under Clifford's order, quite viciously by submitting copies of the aforementioned Form SF-50 to the DLI selecting management and to the administrative investigators, has claimed Plaintiff was not eligible [for rehire] based on her then nine (9) year+ Termination.

(FAC ¶ 23). In his Motion to Dismiss, Defendant cites to an EEOC determination that includes

specific reference to Plaintiff's termination. (Mot. to Dismiss, ECF 54 at 4 (citing *Ardalan v. McHugh*, 2012 WL 3059967, at *4 (EEOC July 19, 2012) ("The record shows that Complainant was removed for cause in 1995."). Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Plaintiff's termination for cause from DLI in 1995.

### 2.   Regulation 690-1

Additionally, the Court takes judicial notice of DLI Regulation 690-1 (ECF 20, Exh. I at 3 (Section 6(b)(2), citing 5 C.F.R. § 302.203)), pursuant to Federal Rule of Evidence 201, as a matter "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Proper subjects of judicial notice during determination on a motion to dismiss include documents from the public record of prior court proceedings and those that have been publicly filed by the parties in the instant matter. *Cf. Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

Regulation 690-1 has been cited in briefing before the Court, (*see* ECF 20, Exh. C), and has been discussed by both parties in their briefing. Plaintiff does not dispute in her FAC that Regulation 690-1, as written, is DLI policy.  Regulation 690-1 reads:

> In accordance with 5 C.F.R. 302.203, DLIFLC employees who are adversely terminated will then *be disqualified from any future appointment* for positions with DLIFLC and DLIFLC Language Training Detachments (LTD).

(ECF 20, Exh. I, Section 6(c)(2)) (emphasis added).

### 3.   Prior EEOC Decisions

Federal Rule of Evidence 201(b) permits the Court to take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2006) (citing *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

The Court thus takes judicial notice of five EEOC decisions involving Plaintiff and similar claims of retaliation regarding DLI's failure to rehire her for teaching positions: (1) Petition No.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    03990007, from April 21, 1999 (ECF 20, Exh. B); (2) Appeal No. 0120110347, from July 19,

2    2012 (ECF 20, Exh. C); (3) Appeal No. 0120120302, from August 23, 2012 (ECF 20, Exh. A); (4)

3    Appeal No. 0120110347, from December 13, 2012 (ECF 20, Exh. D); and (5) Appeal No.

4    0120120302, from February 28, 2013 (ECF 20, Exh. E).

5           These EEOC decisions each held that Defendant's invocation of Regulation 690-1 was not

6    a pretext for retaliatory or discriminatory personnel actions. (*See, e.g.*, ECF 20, Exh. D at 2

7    ("Because Complainant was unable to establish pretext, we find the previous decision correctly

8    found no discrimination.")).

9    **III.    DISCUSSION**

10          Before the Court are two motions: (1) Defendant's Motion to Dismiss and (2) Plaintiff's

11   Motion for Leave to Amend. The Court will address each of these Motions in turn.

12          **A.      Defendant's Motion to Dismiss**

13          Defendant brings his Motion to Dismiss on two grounds: lack of subject matter jurisdiction

14   under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim for which relief can be

15   granted under Federal Rule of Civil Procedure 12(b)(6). Defendant seeks to dismiss Plaintiff's

16   Title VII claim under Rule 12(b)(6) for failure to state a claim, and Plaintiff's Whistleblower Act

17   and intentional infliction of emotional distress claims under both Rule 12(b)(1) for lack of subject

18   matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Defendant additionally asks the

19   Court to dismiss Plaintiff's claims under 18 U.S.C. § 242 and 28 U.S.C. § 1343, on the ground

20   they are barred by the Court's November Dismissal Order, which dismissed both claims with

21   prejudice. (ECF 49 at 5, 34)

22          For the reasons outlined below, the Court GRANTS Defendant's Motion to Dismiss with

23   respect to all of Plaintiff's claims. Plaintiff is granted leave to amend *only* with regard to her

24   claims under Title VII and the Whistleblower Act, as detailed in the Court's Order. Plaintiff's

25   remaining claims are DISMISSED WITH PREJUDICE.[7]

26   _____

27   [7] The Court notes that Plaintiff has ignored prior dismissals with prejudice, (*see* FAC, discussed
     *infra* at Part III.A.4), and has reasserted several claims which have been dismissed without leave

28

                                                    11

### 1.    *Plaintiff's Title VII Claim*

Title VII, 42 U.S.C. §2000e-16, bars employment discrimination based on race, color, religion, sex, and national origin. In this circuit, establishing a prima facie case for violations of Title VII requires that the Plaintiff plead sufficient facts to show four elements: (1) that she belonged to a protected class; (2) that she was qualified for the job(s) she sought; (3) that she was subjected to an adverse decision; and (4) that similarly situated employees *not in her protected class* received more favorable treatment. *See Antione v. N. Cent. Counties Consortium*, 605 F.3d 740, 753-54 (9th Cir. 2010); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Defendant contends that Plaintiff has not sufficiently pled the second or fourth elements of the *Antione* test, (Mot. to Dismiss, ECF 54 at 7-8), and seeks to dismiss under Rule 12(b)(6).

Plaintiff's prior claim under Title VII was dismissed by the Court in its November Dismissal Order pursuant to Rule 12(b)(6). In that Order, the Court found that Plaintiff did not "allege anywhere in her complaint that DLI declined to rehire her *because* of her national origin or as a result of any other discriminatory motives beyond the bare legal conclusion that she 'has been treated disparately by [the three] Defendants and their agents, who have denied her equal protection under the law.'" (Dismissal Order at 37-38 (citing ECF 1 ¶¶ 14-16) (emphasis in original)) Further, the Court stated that Plaintiff's "own allegations . . . suggest that DLI declined to rehire her not because of her national origin but because of a written, formal policy not to rehire employees terminated for cause." (*Id.* at 38) The Court found that it lacked sufficient facts showing that Plaintiff had been discriminated against based on her national origin – a protected status under Title VII – and instead was presented only with allegations that Defendant had been retaliated against based on her alleged whistleblowing activities – activity that is protected under other statutes but not protected under Title VII – that Plaintiff had failed to meet her prima facie

---

to amend. Plaintiff is instructed not to reassert *any* claim which has been dismissed with prejudice in any future amended complaint. Any attempt to do so will result in the Court summarily dismissing the cause of action, and the Court will consider additional sanctions as necessary.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  burden. (*Id.*) The Court granted Plaintiff leave to amend "for Ardalan to allege she was not rehired

2  because of her national origin." (*Id.* at 39)

3  In her FAC, Plaintiff alleges that the Defendant violated her rights under Title VII due to

4  DLI's failure to hire Plaintiff for over ninety teaching vacancies in both Persian Farsi and English

5  as a Second Language ("ESL") since 2004. (FAC ¶ 45) Specifically, Plaintiff alleges that she is an

6  "Iranian born American citizen of Persian ancestry and national origin" who is "highly educated

7  and trained [as a linguist] with two college degrees and years of academic experience." (*Id.*)

8  Plaintiff states that though her applications for employment have gone unanswered by DLI, (*id.*),

9  Defendant has "select[ed] and/or recruit[ed] other non-US citizen candidates for employment and

10  has obtained their visas." (*Id.*) Plaintiff contends that a woman of "east European" ancestry – the

11  wife of a supervisor who Plaintiff contends retaliated against her – received several promotions,

12  including to the position of Dean of the DLI Korean school, and "in spite of the aforementioned

13  severe workplace violations[,] has continued to enjoy the benefits of the (sic) employment at

14  DLI." (*Id.* ¶ 48)[8]

15  Plaintiff also alleges that the employees of DLI conspired to deny her employment and

16  "process the EEO[C] Complaints in favor of the management." (*Id.* ¶ 49) Finally, Plaintiff states

17  that "[i]t is common knowledge at DLI that the Middle Eastern descent staff and [staff of] Asian

18  descent do not enjoy the same privileges as the European and East European descent staff." (*Id.* ¶

19  50)

20  Defendant argues in his Motion to Dismiss that Plaintiff has again failed to establish a

21  prima facie case under Title VII. The Court agrees. First, nowhere in her FAC does Plaintiff

22  directly allege that she was not re-hired because she is Iranian-American.[9] Plaintiff does make two

23  

24  [8] Interspersed throughout Plaintiff's FAC and other filings are allegations of "workplace
misconduct" and "gross sexual misconduct" between several staff members and commanding

25  officers at DLI. (*See, e.g.*, FAC ¶ 38 n.2, *see also* ECF 55 at 10) Apart from those allegations of a
hostile work environment being directed at Plaintiff, which could possibly be considered germane

26  to this Court's analysis, these repeated allegations of marital infidelity and other misconduct are
wholly non-germane to the Plaintiff's FAC.

27  [9] In its November Dismissal Order, the Court held that Plaintiff could only allege Title VII claims

28

United States District Court
Northern District of California

1   statements that, construed in the light most favorable to Plaintiff, seem to allege some form of

2   national origin discrimination with regard to hiring at DLI: first, that DLI selected "other non-US

3   citizen candidates for employment and has obtained their visas" (FAC ¶ 45); and second, that DLI

4   employees of Middle Eastern and Asian descent are treated worse than their white counterparts.

5   (*Id.* ¶ 50)

6        These allegations, taken alone, are merely cursory, and are not sufficient to survive a

7   motion to dismiss brought under Rule 12(b)(6). *See Twombly*, 550 U.S. 544, 570 (holding that a

8   plaintiff must plead "*enough facts* to state a claim to relief that is *plausible on its face*") (emphasis

9   added); *see also Iqbal*, 556 U.S. 662, 678. Plaintiff has pled that she is a member of a protected

10  class, and that she was subject to an adverse employment action. To sufficiently plead a cause of

11  action for Title VII discrimination, however, she must *also* plead facts to show that similarly

12  situated employees who were not a member of her protected class were treated more favorably

13  than she. A cursory pleading that, in general, European and Eastern European employees of DLI

14  were treated better than Middle Eastern and Asian employees of DLI does not suffice. Plaintiff has

15  not pled that any of those European or Eastern European employees were similarly situated to her

16  in all material respects. *See, e.g.*, *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir.

17  2003). For example, the woman of Eastern European descent to whom Plaintiff refers throughout

18  the FAC was the Dean of the DLI Korean school and not an instructor. (*See* FAC ¶ 48)

19  Additionally, Plaintiff does not allege that any of the other non-citizen employees hired by DLI

20  *were hired for positions for which she was passed over*; she argues only that DLI has hired some

21  non-citizens. (*See, e.g.*, FAC ¶ 45)

22       As Plaintiff has pled that she is a member of a protected class, and that she was subject to

23

---

24  with regard to two of her EEOC complaints, as the other six were not timely appealed. (ECF 49 at
    34-36 ("[T]he Court finds that Ardalan is time-barred from bringing a Title VII claim based on
25  EEOC proceedings 1, 2, 3, 4, 5, and 6 above. . . . Ardalan is not time barred from bringing a Title
    VII claim based on EEOC proceedings 7 and 8 . . . ."). These two EEOC complaints only concern
26  DLI's failure to respond to Plaintiff's applications for six faculty positions, all posted between
    2009 and 2011. (*Id.* at 38) Thus the Court will *only* consider, going forward, claims arising from
27  the appeal of these two EEOC proceedings, regarding the faculty positions applied for between
    2009 and 2011.

28

United States District Court
Northern District of California

1  an adverse action, she must also plead that other employees similarly situated to her were treated

2  more favorably in order to survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Keenan v.*

3  *Shinseki*, 2012 WL 394162, at *3 (E.D. Cal. Feb. 6, 2012) (stating that a plaintiff pleading a claim

4  for Title VII discrimination must "demonstrate, at least, that [the employees receiving favorable

5  treatment] are similarly situated to those employees [not receiving such treatment] *in all material*

6  *respects*") (emphasis added).

7       But Plaintiff's failure to plead that any similarly situated employees have been treated

8  more favorably than her is not the only defect in her Title VII claim. To state a claim for a

9  violation of Title VII, Plaintiff also needs to plead facts that show she was qualified for the

10  position(s) she sought. *See, e.g.*, *Antione*, 605 F.3d 740, 754. Plaintiff contends that she is

11  qualified for the positions in Persian Farsi and ESL teaching due to her credentials and work

12  history. (*See* FAC, ECF 51 ¶ 1 (detailing Plaintiff's credentials and experience as an instructor);

13  *see also id.* ¶ 45 (alleging that Plaintiff is "a highly educated and trained linguist")) Defendant

14  argues, however, that Plaintiff cannot be qualified for the position *as a matter of law* because she

15  had previously been terminated for cause. (Mot. to Dismiss, ECF 54 at 7 (Plaintiff's "prior

16  termination for cause rendered her ineligible for [the applied for] positions")) Plaintiff's FAC does

17  not identify the reasons for her termination, and in fact seems to concede that she was previously

18  terminated for cause. (*See* FAC ¶ 23 ("[DLI] has claimed Plaintiff was not eligible [for rehire]

19  based on her then nine (9) year+ termination."); *see also id.* ¶ 36c ("[A]ny prospective employer/s

20  contacting the Agency CPO for employment verification [were informed that] Plaintiff's

21  'termination was for cause.'"))

22       The inquiry as to whether a person is "qualified" for a position does not merely consider

23  credentials, degrees, and experience. The Supreme Court has defined a second aspect of the

24  qualification inquiry: whether a person is *eligible* to be hired by the employer at all. In *Raytheon*

25  *Co. v. Hernandez*, the Supreme Court held that a business did not engage in discrimination in

26  failing to rehire an employee previously fired for cause, in that case drug use and addiction,

27  because the business applied a neutral, no-rehire policy in refusing to hire *any* employee

28

1    previously terminated for drug use and addition. *Raytheon*, 540 U.S. 44, 52-53 (2003). At least

2    one court has interpreted *Raytheon* to mean that a plaintiff placed on a neutral list of former

3    employees ineligible for rehiring could not state a claim for discrimination as a matter of law.

4    *McMillan v. United Airlines*, 2008 WL 1744549, at *2 (slip op.) (W.D.N.Y. Apr. 11, 2008)

5    ("Because plaintiff was not eligible for re-employment with United, she cannot, as a matter of law,

6    establish that she was discriminated against on the basis of a disability when United refused to

7    rehire her."); (*see also* ECF 20, Exhs. A-E (EEOC decisions involving Plaintiff which found that

8    DLI's invocation of Regulation 690-1 to preclude her rehiring was not a pretext for discrimination

9    or retaliation))

10   Thus, to be qualified for a position, Plaintiff must show two things: (1) that she is qualified

11   in the subject matter of the position and (2) that she is eligible to be hired for the position.

12   Plaintiff pleads sufficient facts to show her subject matter qualification, but does not plead any

13   facts that indicate she is eligible to be hired by DLI.

14   Defendant does not contend that Plaintiff lacks the subject matter knowledge necessary to

15   perform as a Farsi instructor. Indeed, Defendant goes so far as to concede that Plaintiff's

16   credentials may make her eligible for employment as a Farsi instructor – somewhere other than

17   DLI. (*See* ECF 54 at 4 ("Plaintiff may well be qualified to teach Persian Farsi somewhere. But she

18   is not eligible to teach at DLIFLC because she was previously terminated for cause.")) For

19   purposes of this Motion, the Court presumes that Plaintiff possesses the necessary subject matter

20   qualifications for the positions she has sought.

21   However, nowhere in Plaintiff's FAC does she allege that she was eligible to be rehired by

22   DLI *despite her termination*. Defendant argues that Plaintiff's termination for cause renders her

23   ineligible for rehiring, and thus unqualified for her positions sought as a matter of law, because of

24   DLI Regulation 690-1 (2008), ¶ 6(c)(2), which forbids DLI from rehiring any former employee

25   previously fired for cause. ("DLIFLC employees who are adversely terminated will then be

26   disqualified from any future appointment . . . ."). In her filings in this case, Plaintiff herself

27   concedes that such a policy has been maintained since August 2008. (*See* ECF 49 at 38 (citing

28

United States District Court
Northern District of California

16

1    ECF 1 ¶ 44)) Since this Court is only considering Plaintiff's non-hirings at issue in her two timely

2    EEOC appeals, as described above pursuant to the terms of the November Dismissal Order, which

3    concern six positions applied for between 2009 and 2011, Plaintiff has conceded that DLI

4    Regulation 690-1 has been in place during the pendency of each of her non-hirings at issue in this

5    FAC.

6           In her supplemental brief, however, filed with the Court following oral argument on the

7    Motion to Dismiss, Plaintiff *does* allege the identities of three individuals who she states were

8    fired by DLI and then subsequently rehired. (*See* Pl.'s Supp. Brief, ECF 71 at 4 ("Plaintiff has

9    learned that DLI through the Union has compensated and rehired some former terminated

10   employees.")) Plaintiff cites the names of two employees: Jack Franke, an instructor in the

11   Russian Department, who Plaintiff alleges "was terminated for engagement in protected activities

12   for his wife's termination [and] was rehired and compensated for his losses," (*id.* at 4), and a "Ms.

13   Khana," an instructor in the Hebrew Department, who "had fallen ill during her overseas vacation

14   trip causing her delayed return to work, resulting in her termination based on AWOL," but who

15   was eventually rehired despite the prior termination. (*Id.* at 4-5) Plaintiff further describes a third

16   employee, who is unnamed but is alleged to have also worked in the Hebrew Department, who

17   was terminated, but "following her diligent efforts to regain her rights, [] was reinstated."  (*Id.* at

18   5)

19          In his Response to Plaintiff's supplemental briefing, Defendant states that Plaintiff's new

20   evidence "does not cure the factual defects in her Title VII claim," because it fails to show that

21   Plaintiff's non-selections in 2009 and 2011 were in response to her 1992 whistleblowing, and

22   because the employees Plaintiff describes are not similarly situated to her. (Def.'s Resp. to Supp.

23   Brief at 2) Defendant further takes factual issue with the evidence presented by Plaintiff, stating

24   that Mr. Franke was not terminated for cause, (*id.* at 3), and that "[n]o one by the name of Khana

25   was employed by defendant within the last ten years." (*Id.*)

26          The Court, however, declines to wade into such factual disputes at the pleadings stage.

27   Under *Antione*, Plaintiff must plead four elements to state a claim under Title VII: (1) that she

28

United States District Court
Northern District of California

belonged to a protected class, (2) that she was qualified for the job(s) she sought, (3) that she was subjected to an adverse decision, and (4) that similarly situated employees not in her protected class received more favorable treatment. 605 F.3d 740, 753-54. The statements made by Plaintiff in her supplemental briefing are sufficient for the Court to permit her to attempt to further amend her FAC, as allegations that other employees were fired for cause by DLI but then rehired would touch directly on the questions of whether Plaintiff was *eligible* to be rehired, and thus could be considered "qualified" under *Antione's* second element, and whether similarly situated employees not in her protected class have received more favorable treatment than has Plaintiff. As stated above, Plaintiff must sufficiently plead that these employees are similarly situated to her. *See, e.g.*, *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Plaintiff must also plead that the employees who were terminated for cause and then rehired were subject to Regulation 690-1, as she concedes that the Regulation has been in place during each of the six non-hirings at issue before the Court.

The Court agrees with Defendant that Plaintiff has not stated a claim in her FAC for discrimination under Title VII. She has not pled that she was discriminated against based upon her membership in a protected class, namely her national origin or race, having failed to plead that similarly situated employees not in her protected class were treated more favorably than she was or that she is eligible for the positions she sought, both necessary under the four-part *Antione* test for purposes of pleading a Title VII claim.

In light of the evidence provided to the Court in Plaintiff's supplemental brief, the Court finds it prudent to grant Plaintiff one final opportunity to amend her Title VII claim to address the defects outlined above. The Court therefore GRANTS Defendant's Motion to Dismiss on this claim pursuant to Rule 12(b)(6), with leave to amend.

### 2.     *Plaintiff's Whistleblower Act Claim*

The Whistleblower Act provides certain protections for federal employee whistleblowers, prohibiting employers from taking adverse personnel actions against employees who disclose information that the employee believes shows "gross mismanagement, a gross waste of funds, [or]

1    an abuse of authority." 5 U.S.C. § 2302(b)(8). The Act defines adverse personnel actions to

2    include the failure to reinstate, restore, or reemploy employees who are terminated from their

3    positions in violations of the provisions of the Act. 5 U.S.C. § 2302(a)(2)(A).

4        To be successful, a complainant who sues under the Whistleblower Act must plead and

5    prove that she has exhausted her administrative remedies prior to commencing an action in federal

6    court. *See, e.g.*, *Weber v. United States*, 209 F.3d 756, 757-58 (D.C. Cir. 2000). The administrative

7    grievance procedure for a claim under the Whistleblower Act demands that an individual first seek

8    "corrective action from the [Office of] Special Counsel ("OSC")," 5 U.S.C. § 1214(a)(3), then, if

9    unsatisfied with the OSC's determination, file a complaint with the Merit Systems Protection

10   Board ("MSPB"). 5 U.S.C. § 1221(a). If the MSPB complaint is unsuccessful, the individual may

11   then "obtain judicial review of the [MSPB's] order or decision." 5 U.S.C. § 1221(h)(1) (noting

12   that jurisdiction of MSPB appeals lies, with one exception discussed herein, with the United States

13   Court of Appeals for the Federal Circuit, and not the district court).

14       In its November Dismissal Order, the Court dismissed Plaintiff's Whistleblower Act claim

15   under Rule 12(b)(1) for lack of subject matter jurisdiction. The Court found that Plaintiff had not

16   pled compliance with the administrative exhaustion requirements of the Whistleblower Act. (ECF

17   49 at 25-27 ("[N]owhere in her Complaint or in her Response does Ardalan allege that she sought

18   corrective action for the alleged retaliatory conspiracy.") Even if Plaintiff had adequately pled

19   such exhaustion, however, the Court found that it still would lack jurisdiction, as the appeal would

20   only be properly brought in the Federal Circuit. 5 U.S.C. § 1221(h)(1).

21       The Court nonetheless granted Plaintiff leave to amend – but *only* in order to plead her

22   claim in a way that would permit the Court to exercise jurisdiction. The Court directed Plaintiff to

23   amend her initial complaint in order to plead a "mixed case," which requires that the adverse

24   personnel action about which Plaintiff seeks redress was motivated *both* by retaliation for

25   whistleblowing *and* discrimination based on protected status. 29 C.F.R. § 1614.302 ("A mixed

26   case complaint is a complaint of employment discrimination filed with a federal agency based on

27   race, color, religion, sex, national origin, age, disability, or genetic information related to or

28

United States District Court
Northern District of California

1   stemming from an action that can be appealed the [MSPB].”). An employee who asserts a “mixed

2   case” is able to file an administrative complaint directly with the EEOC, rather than the MSPB,

3   and appeal any adverse EEOC decision directly to the district court instead of the Federal Circuit.

4   5 U.S.C. § 7702(a); *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993); *see also Butler v.*

5   *Kempthorne*, 532 F.3d 1108, 1111 (10th Cir. 2008) (“This case is a “mixed case” which affords

6   plaintiff the option of filing an appeal with the MSPB *or an administrative complaint with the*

7   *EEOC*.”).  As the Court stated in its Dismissal Order, were Plaintiff to plead a “mixed case,” the

8   Court would have jurisdiction because she has timely appealed her two recent adverse EEOC

9   decisions. (ECF 49 at 28)

10       In this instance, Plaintiff would need to plead that she was not rehired because of her

11   whistleblowing activities *and* her status as an Iranian-American. The Court gave the Plaintiff clear

12   instructions to reformulate her Whistleblower Act claim as a “mixed case” such that the Court

13   could exercise jurisdiction. (ECF 49 at 29 (“[S]hould Ardalan choose to amend this claim, the

14   Court urges her to restyle it as a “mixed case” claim and allege specifically how the basis of DLI’s

15   retaliation against her was discrimination.”)) Essentially, the Court has jurisdiction over Plaintiff’s

16   Whistleblower Act claim *only* if Plaintiff also adequately pleads a cause of action for

17   discrimination based on a protected status. Thus, having failed to plead the exhaustion of her

18   administrative remedies, Plaintiff’s Whistleblower Act claim rises, or falls, based on her

19   sufficiently pleading a Title VII discrimination claim.

20       Plaintiff has failed to do so. The Court in turn addresses Plaintiff’s claims with regard to

21   (1) exhaustion of her administrative remedies and (2) pleading a “mixed case.”

22                              *a.*      *Exhaustion*

23       In her FAC, Plaintiff does not allege that she has exhausted her administrative remedies. In

24   her Opposition to the Motion to Dismiss, Plaintiff attempts to argue that she was unable to exhaust

25   her administrative remedies because her 1999 MSPB appeal was “halted at the order of

26   Congressman [Sam Farr, who] . . . would never allow any of the Plaintiff’s appeals on the MSPB

27   hearing or Plaintiff’s whistle blowing claims be processed.” (ECF 55 at 18) Plaintiff further

28

United States District Court
Northern District of California

20

1   alleges that Congressman Farr "instructed the MSPB Judge to sign the hoax Decision containing

2   twisted reports of the facts and rendered testimony." (*Id.*) Construing Plaintiff's argument in the

3   light most favorable, the Court treats this claim as an attempt to invoke the futility exception to the

4   Whistleblower Act's exhaustion requirement.[10]

5          Plaintiff's attempt to invoke the futility exception fail for a simple reason: she argues that

6   the Congressman and his agents interfered with her 1999 appeal before the MSPB, *not* an appeal

7   before the EEOC. Under the Whistleblower Act, this Court lacks jurisdiction over appeals from

8   adverse MSPB determinations. *See, e.g.*, *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.

9   2000). Plaintiff's futility argument thus would only affect her pure retaliation claims under the

10  Whistleblower Act, which the Court previously dismissed under Rule 12(b)(1) without leave to

11  amend. (ECF 49 at 27)

12                              ***b.      Mixed Case***

13         In order to state a "mixed case," Plaintiff must plead that she was not rehired for both

14  retaliatory and discriminatory reasons. 29 C.F.R. § 1614.302. Alleging facts that show only one of

15  those reasons is not sufficient. Plaintiff was told explicitly in the Dismissal Order that the only

16  way to salvage her Whistleblower Act claim was to plead such a mixed case. (ECF 49 at 28) Here,

17  Plaintiff adequately pleads a "mixed case" only if she sufficiently pleads, in her Title VII cause of

18  action, that she was not rehired, or that any adverse employment decision was made, due to

19  discrimination based on her national origin or any other protected status.

20         Apart from her new, single cursory allegation of general mistreatment toward people of

21  Middle Eastern and Asian ancestry, (*id.* ¶ 50 (included in her Title VII claim and not incorporated

22  into her Whistleblower Act claim)), Plaintiff has not even attempted to plead that she was subject

23

24  [10] The futility exception to an exhaustion requirement is "quite restricted," *Peter Kiewit Sons' Co.
    v. U.S. Army Corps of Eng'rs*, 714 F.2d 163, 169 (D.C. Cir. 1983), and can be utilized by the

25  courts "in only the most exceptional circumstances." *Commc'ns Workers of Am. v. Am. Tel. & Tel.
    Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994). In short, the futility exception requires a plaintiff show "it

26  is *certain* that the[] claim will be denied on appeal," *Smith v. Blue Cross & Blue Shield United of
    Wisc.*, 959 F.2d 655, 659 (7th Cir. 1992) (emphasis in original), or "[that] resort to administrative

27  remedies is *clearly useless*." *Commc'ns Workers of Am.*, 40 F.3d 426, 432 (emphasis added).

28

United States District Court
Northern District of California

1    to discrimination based on her national origin.

2         In her FAC, Plaintiff has newly alleged several statements which make reference to

3    national origin discrimination at DLI. The Court is providing Plaintiff the opportunity, based on

4    these statements, to amend her Title VII claim. To the Court, Plaintiff's Title VII claim and

5    Whistleblower Act claim rise or fall together – Plaintiff must sufficiently plead that she was

6    discriminated against due to her national origin in order for either of these claims to survive a Rule

7    12(b)(6) motion to dismiss.

8         Plaintiff has not cured the defects outlined by the Court in its Dismissal Order. Thus, the

9    Court GRANTS the Motion to Dismiss with regard to this cause of action, but grants Plaintiff

10   leave to amend, because her Whistleblower Act claim, having failed to sufficiently plead

11   administrative exhaustion, is now inextricably linked to her cause of action for discrimination

12   under Title VII. If Plaintiff fails to sufficiently plead facts that show an adverse employment

13   action based on both retaliation and discrimination, the Court will dismiss this claim with

14   prejudice.

15              **3.    *Plaintiff's Intentional Infliction of Emotional Distress Claim***

16        In order to state a prima facie claim for intentional inflection of emotional distress,

17   Plaintiff must plead sufficient facts to show that the Defendant engaged in (1) extreme and

18   outrageous conduct (2) with the intent of causing, or the reckless disregard of the probability of

19   causing, emotional distress, and (3) actual and proximate causation of the emotional distress by

20   the Defendant's outrageous conduct. *See Cervantez v. J.C. Penny Co.*, 24 Cal. 3d 579, 593 (1979).

21   Plaintiff's claim for intentional infliction of emotional distress states only:

22             The Plaintiff, having been retaliated against for about 12 years –
23             since early year 2002 to present in the manner described above, has
             been deprived of any/all of her human rights, professional rights,
24             resulted in her suffering from PTSD and constant mental anguish
             she has been living with all of these years.

25   (FAC ¶ 51)

26        In her initial Complaint, Plaintiff previously alleged a claim similar to this, along with a

1    prayer for punitive damages,[11] as a cause of action for "Common Law Tort," which this Court

2    construed in its Dismissal Order to be an allegation under the Federal Tort Claims Act. (ECF 49 at

3    31); *see also Alexander v. United States*, 721 F.3d 418, 424 (7th Cir. 2013) (finding that

4    intentional infliction of emotional distress claims against the government fall within the ambit of

5    the FTCA). Plaintiff was granted leave to amend her FTCA claim, which the court deemed her

6    "last chance," in order to allege that she had exhausted her administrative remedies as required

7    under the FTCA. 28 U.S.C. §§ 1346, 2671-80; *see also McNeil v. United States*, 508 U.S. 106, 113

8    (1993) ("[The FTCA] bars claimants from bringing suit in federal court until they have exhausted

9    their administrative remedies . . . ."). Plaintiff has made no attempt to do so.

10       In her allegation of intentional infliction of emotional distress, Plaintiff simply alleges that

11   the *general* conduct of Defendant with regard to the retaliation against Plaintiff is enough to

12   trigger a cause of action for intentional infliction of emotional distress. In her Opposition to the

13   Motion to Dismiss, Plaintiff responds to Defendant's argument that she has not met her pleading

14   burden with a rhetorical question, (ECF 55 at 19 ("Clearly Defendant and counsel believe refusing

15   to rehire plaintiff, from protected class, . . . does not 'exceed all bounds of that usually tolerated in

16   a civilized community?'")), and discusses the difficulties she has faced due to her unemployment

17   from 2002 through the present. (*Id.* at 20) While the Court does not doubt the veracity of these

18   claimed difficulties, Plaintiff's allegations do not cure the defects the Court outlined in its

19   Dismissal Order, in which the Court granted Plaintiff the opportunity to amend her initial

20   Complaint in order to plead two things: (1) a description of the tortious conduct allegedly engaged

21   in by Defendant, and (2) that she had exhausted her administrative remedies as required under the

22   FTCA. Plaintiff has done neither. She simply alleges intentional infliction of emotional distress,

23   and refers the Court back to her general allegations in the FAC.

24       The Court finds that, to the extent Plaintiff seeks to make a claim for intentional infliction

25   of emotional distress under the FTCA, such a claim is DISMISSED WITH PREJUDICE pursuant

26

27   _____

[11] Punitive damages are expressly precluded from recovery under the FTCA. 28 U.S.C. § 2674.

28

23

1    to Rule 12(b)(6) for failure to sufficiently allege specific tortious conduct engaged in by the

2    Defendant, or that Plaintiff has exhausted her administrative remedies pursuant to the

3    requirements of the FTCA.

4                        **4.      *Plaintiff's Other Claims***

5          In the FAC, Plaintiff articulates two additional causes of action: (1) a claim under 18

6    U.S.C. § 242 for "deprivation of rights under color of law," and (2) a claim under 28 U.S.C. §

7    1343 to "redress deprivation and to recover damages for deprivation of civil rights." Both of these

8    causes of action were also included in Plaintiff's initial Complaint.

9          In its November Dismissal Order, the Court addressed both of these causes of action. The

10   Court dismissed any claim brought under § 242 with prejudice. (ECF 49 at 34) Additionally, the

11   Court informed Plaintiff that § 1343 did not confer a private right of action. (*Id.* at 5 n.3) The

12   Court DISMISSES both of these claims WITH PREJUDICE, and instructs Plaintiff not to reassert

13   these, or any other claims which the Court has dismissed with prejudice, in any future pleading.

14       **B.  Plaintiff's Motion for Leave to Amend**

15         Following briefing on Defendant's Motion to Dismiss, but prior to oral argument being

16   heard, Plaintiff filed with the Court a Motion for Leave to File a Second Amended Complaint, and

17   also to file a Motion for Equitable Estoppel and Tolling of the Statute of Limitations. First,

18   Plaintiff contends that, due to time constraints in filing her FAC, she excluded a cause of action

19   from the FAC that she now wishes to assert, though Plaintiff does not inform the Court what cause

20   of action she would assert were she given such leave. Second, Plaintiff seeks to file a motion

21   seeking equitable estoppel and/or equitable tolling in order to "extend the three year [statute of]

22   limitation[s] period" by which she could have filed suit. (Mot. for Leave at 3) Plaintiff contends

23   that Defendant's "fraudulent defense technique[s] since early 2002" entitle her to seek such

24   equitable relief. (*Id.* at 5)

25         Defendant opposes Plaintiff's Motion. (*See* Opp. to Mot. for Leave, ECF 66) Defendant

26   states that Plaintiff "does not explain in these motions how specifically she would like to amend

27   her already amended complaint," and alleges that Plaintiff's Motion for Leave is an attempt to

28

United States District Court
Northern District of California

1   convince this Court to allow Plaintiff to litigate her pre-2009 non-selections, which have been

2   barred pursuant to Judge Koh's prior Dismissal Order. (Opp. to Mot. for Leave at 2)

3          For the reasons stated below, the Court DENIES Plaintiff's Motion in its entirety. The

4   Court will deal with what are appropriately considered three separate motions for leave in turn

5   below.

6          ### 1.      *Motion for Leave to Amend*

7          Though leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P.

8   15(a), the Court need not grant leave to amend when such an amendment (1) prejudices the

9   opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation, or (4) is futile.

10  *See, e.g.*, *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

11         Plaintiff asks the Court to grant her leave to amend because "due to the time constraint" in

12  attempting to file her amended complaint following Judge Koh's November Dismissal Order, "she

13  excluded another cause of action from her Amended Complaint." (ECF 63 at 3) Plaintiff argues

14  that she timely filed the FAC, and that there would be no undue delay if she amends. (*Id.*)

15         Undue delay is, however, only one of the possible reasons for a court to deny a Plaintiff

16  leave to amend. In this circumstance, the Court finds that granting leave to amend would be futile,

17  *cf. Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that it is within a district

18  court's discretion to deny a motion for leave when such a motion is frivolous or futile), and would

19  likely prejudice Defendant. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

20  Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest

21  weight.").

22         Plaintiff fails to inform the Court *how* she would seek to amend. Plaintiff's prior

23  amendment, while timely, resulted in a re-assertion of multiple causes of action that the November

24  Dismissal Order had previously dismissed with prejudice. Mere reference to an amorphous

25  additional cause of action, with nothing more, is insufficient for this Court to grant Plaintiff

26  another opportunity to amend. Plaintiff does not inform the Court what legal theory she would

27  attempt to advance if given the chance to amend, or what factual circumstances this new cause of

28

action would reference. She merely insists that she did not have time to include a new cause of action when she filed her FAC. Though the Court is cognizant that it can be difficult for parties proceeding pro se to prepare their filings, Plaintiff was given a full thirty days to file her FAC from the date on which Judge Koh's Order of Dismissal was served on her. (*See* ECF 50; *see also* ECF 51) Plaintiff gives the Court no good reason why she was unable to include a new cause of action in her FAC during that period of time.

The Court should liberally grant leave to amend, *see Adv. Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997), but the purpose of such liberality is to ensure Plaintiff has the opportunity to be heard on the merits of her action. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Plaintiff's Motion for Leave continues to rehash the arguments she has made in her FAC and other filings before this Court. It provides the Court no new information by which to find that Plaintiff could articulate a new cause of action beyond those which she has already brought forth, nor does it place the Defendant on notice of what causes of action Plaintiff might attempt to newly assert, such that it would be possible for Defendant to argue that such specific proposed causes of action would be frivolous or futile. *Cf. Howey v. United States*, 481 F.2d 1187, 1190.

The Court has granted Plaintiff leave to amend with regard to one of the causes of action included in the FAC. It does not grant her further leave to amend to include new actions that she has not previously alleged, as such new causes of action would likely be futile, frivolous, and prejudicial to Defendant. As such, Plaintiff's Motion for Leave to Amend is DENIED.

### 2. *Motion for Leave to File a Motion for Equitable Estoppel*

Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). Equitable estoppel requires that a plaintiff show that a defendant has "taken active steps to prevent the plaintiff from suing in time." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000) (overruled on other grounds). A court deciding whether to grant equitable estoppel considers a variety of factors, including the plaintiff's reliance on defendant's conduct, evidence of improper

Case 5:13-cv-01138-BLF   Document 75   Filed 08/04/14   Page 27 of 29

United States District Court
Northern District of California

purpose on the part of a defendant, and the extent to which the purposes of the statute of limitations period have been satisfied. *Naton v. Bank of Calif.*, 649 F.2d 691, 696 (9th Cir. 1981).

In her Motion for Leave, Plaintiff does not demonstrate that Defendant sought to prevent her from filing a lawsuit or EEOC complaints. Plaintiff's Motion instead reasserts the claims that she made in her FAC and throughout briefing and oral argument.[12] Plaintiff's request for equitable estoppel seems to be nothing more than an attempt to get this Court, in contravention of Judge Koh's November Dismissal Order, to expand the universe of non-hirings upon which Plaintiff can assert claims.

Plaintiff has pled no facts that show Defendant has actively attempted to prevent her from filing a timely lawsuit. She instead claims that DLI employees have retaliated against her, and that defense counsel has wrongfully claimed that DLI had a "No Hire Policy" preventing the rehiring of those terminated for cause. These allegedly "fraudulent defense technique[s]," (Pl.'s Reply, ECF 63 at 5), are the same arguments Plaintiff has made throughout her pleadings and briefing. As such, Plaintiff's Motion for Leave to file a Motion for Equitable Estoppel is DENIED.

### 3.    *Motion for Leave to File a Motion for Equitable Tolling*

Equitable tolling, unlike equitable estoppel, is concerned with a plaintiff's diligence. "Equitable tolling may be applied if, despite all due diligence, plaintiff is unable to obtain vital information bearing on the existence of [her] claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). Thus, equitable tolling concerns whether any delay by Plaintiff is excusable: "[I]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable

---

[12] At multiple points in Plaintiff's Motion for Leave, she also calls into question defense counsel's honesty and respect for the judicial process. (*See, e.g.*, Pl.'s Reply, ECF 68 at 7 ("Plaintiff has been informed and learned that it is the job and responsibilities of the Assistant US Attorneys to make every efforts, truthful and falsified, to subject the lawsuits to dismissals."); *see also id.* ("[I]t appears that one of Counsel Scharf's significant talent (sic) has been lack of any respect for the pro per litigant. . . . [A]ll of his contentions have been based on falsified facts and claims.")) She further states that "[c]ounsel should be subject to sanction." (*Id.* at 6)

Plaintiff's allegations are unfounded, and the Court impresses upon Plaintiff to avoid such attacks on the character of opposing counsel in any future briefing.

27

United States District Court
Northern District of California

1   tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather

2   what information [she] needs." *Id.* (citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 268 (7th

3   Cir. 1995)).

4         Plaintiff states that she wishes to file a motion for equitable tolling "to extend the three-

5   year limitations period," but fails to inform the Court of the claim (or claims) on which she seeks

6   to toll the statute of limitations. (*See* ECF 63 at 6) Further, Plaintiff fails to state what precluded

7   her from making a claim for equitable tolling (or, for that matter, equitable estoppel) in her initial

8   Complaint or FAC. Finally, Plaintiff fails to plead sufficient facts to show she has been a diligent

9   Plaintiff with regard to her Title VII claim or Whistleblower Act claims, the only claims which

10  survives this Motion to Dismiss and for which equitable tolling could now provide her assistance.

11  Plaintiff failed to file her lawsuit within ninety days of the final order on six of her EEOC

12  determinations. (*See, e.g.*, Dismissal Order, ECF 49 at 36) Plaintiff has further failed to exhaust

13  her administrative remedies with regard to her Whistleblower Act claim. (ECF 49 at 25-27)

14        Plaintiff's Motion for Leave to file a Motion for Equitable Tolling fails for reasons similar

15  to her attempt to seek equitable estoppel: she pleads no facts by which to show reasonable excuse

16  for her failure to obtain evidence with regard any claims for which the statute of limitations has

17  run. Plaintiff's Motions strike the Court as an attempt to get around Judge Koh's Dismissal Order,

18  which barred Plaintiff from asserting many of her claims that have arisen during the nearly twenty

19  years that have elapsed since her dispute with DLI began. This Court declines to reconsider Judge

20  Koh's Order, and, finding that Plaintiff has not sufficiently pled facts to merit equitable tolling,

21  DENIES Plaintiff's Motion for Leave to file a Motion for Equitable Tolling.

22  **IV.   ORDER**

23        The Court hereby ORDERS as follows:

24        1.   Defendant's Motion to Dismiss is GRANTED:

25            a.   Plaintiff's cause of action for violations of Title VII IS DISMISSED, with leave

26              to amend.

27            b.   Plaintiff's cause of action for violations of the Whistleblower Act is

28

DISMISSED, with leave to amend.

    c.  Plaintiff's cause of action for intentional infliction of emotional distress is DISMISSED WITH PREJUDICE.

    d.  Plaintiff's causes of action for violations of 18 U.S.C. § 242 and 28 U.S.C. §1343, previously dismissed with prejudice by Judge Koh, are again DISMISSED WITH PREJUDICE.

2.  Plaintiff's Motion for Leave is DENIED in its entirety.

Plaintiff's second amended complaint ("SAC"), should she elect to file one, shall be due to this Court no later than 28 days from the issue of this Order. Pursuant to this Order, Plaintiff is not permitted to add new causes of action to her SAC. Plaintiff is further not permitted to re-allege any prior cause of action that has been dismissed with prejudice. Thus, Plaintiff's SAC can include *only* claims for violations of Title VII and the Whistleblower Act, as all other claims have been dismissed with prejudice and the Court has denied her Motion for Leave. Any assertions of claims beyond her Title VII and Whistleblower Act claims shall be summarily dismissed, and the Court will consider appropriate sanctions as necessary.

**IT IS SO ORDERED**

Dated: August 4, 2014

_____

BETH LABSON FREEMAN
United States District Judge