**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FERIAL KAREN ARDALAN,<br>　　　　Plaintiff,<br>　　v.<br>JOHN MCHUGH,<br>　　　　Defendant. | Case No. 13-cv-01138-BLF<br><br>**ORDER**<br>**(1) DENYING DEFENDANT'S MOTION TO DISMISS; AND**<br>**(2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 78, 79] |

　　This case arises out of a longstanding employment discrimination dispute between Plaintiff and the Defense Language Institute Foreign Language Center ("DLI"). Plaintiff, who was terminated from her position as an instructor at DLI, alleges that Defendant, the Secretary of the Army, failed to rehire her for discriminatory reasons – namely, her national origin and for engaging in protected whistleblowing activities. Defendant contends that Plaintiff was terminated for cause and that a regulation, DLI Regulation 690-1,[1] precludes him from rehiring any employee so terminated.

　　Presently before the Court are two motions. First, Defendant moves to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Second, Plaintiff seeks leave to bring a second motion for equitable estoppel and equitable tolling, which the Court construes to be a motion for leave to file a motion for reconsideration of its previous order denying Plaintiff leave to file a motion for equitable estoppel. *See* Dismissal Order, ECF 75 at 26-28. Having reviewed the submissions of the parties and the governing law, the Court

---

[1] The Court has taken judicial notice of Regulation 690-1. *See* Dismissal Order at 10.

DENIES Defendant's motion to dismiss, and further DENIES Plaintiff's motion for leave.

## I.  BACKGROUND

This case, and the underlying dispute from which it arises, has a complex and lengthy history. The Court provided a detailed explanation of the procedural and factual history of the case in its prior Dismissal Order. *See* Dismissal Order at 2-6. In that Dismissal Order, the Court dismissed with prejudice all of Plaintiff's claims except two: a claim for relief under the federal Whistleblower Protection Act, 5 U.S.C. § 2302, and a mixed-case discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The Court granted Plaintiff leave to amend in order to allege that she was not rehired by DLI because of both her national origin and her whistleblowing activities.

Plaintiff timely filed a Second Amended Complaint ("SAC"), in which she alleges that she is a former Persian Farsi language instructor at DLI. SAC ¶ 1.[2] Following her termination, she applied for more than ninety vacant positions at DLI, though she was not selected for any of those positions. SAC ¶ 43. Though Plaintiff alleges that she has been discriminated against in various ways with regard to nearly all of her non-selections, this case concerns only six non-selections that occurred between 2009 and 2011. *See, e.g.*, Dismissal Order at 17.[3] Plaintiff claims Defendant's argument that she was terminated for cause and thus not re-hireable is pretextual, SAC ¶ 84, and that DLI regulation 690-1, on which Defendant relies in support of his position that employees terminated for cause are *per se* not re-hireable, "has not yet been included and/or published in any of the vacancy announcements [for DLI positions], and there is no showing that any such 'Policy' was legitimately enacted or used as a uniform 'No Hire Policy.'" SAC ¶ 85.

Plaintiff contends that she has "been denied her rights to employment not just at DLI and other Army sister language schools, but at local colleges and universities," SAC ¶ 22, due to a "conspiracy to deny [employment to] Plaintiff, from the Iranian national origins, from a protected

---

[2] Plaintiff is pursuing this action pro se. This Court construes a pro se plaintiff's complaint so as to give the plaintiff the benefit of any doubt. *See, e.g.*, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that pro se pleadings are "subject to a lesser standard than pleadings drafted by lawyers").

[3] These six non-selections were timely appealed in two EEOC actions. *See* Dismissal Order at 17.

class, and for her continual whistle blowing activities." SAC ¶ 23. Plaintiff contends that she was subjected to differential treatment based on her national origin because she, "a terminated employee from an Iranian national origin," was treated disparately from "similarly situated applicants not in Plaintiff's protected class." SAC ¶ 80. Plaintiff alleges that three DLI employees who are not Iranian and were not whistleblowers – Mr. Jack Franke, Ms. Hana Yarkon, and Ms. Esti Tabak – were terminated by DLI but subsequently rehired, SAC ¶¶ 80-81, 89, 94, which she claims "indicat[es] that the alleged 'Policy' was not legitimately enacted or used . . . and [] was not implemented and/or applied uniformly at DLI." SAC ¶ 87.

Defendant moves to dismiss for several reasons. First, he argues that Plaintiff has failed to plead that she was not rehired by DLI on the basis of her national origin. Second, he argues that she has not sufficiently pled that she was eligible to be rehired, because an employer cannot be held liable for a failure to hire an individual who was categorically ineligible to be hired under a neutral, generally applicable no-hire policy. Third, he argues that Plaintiff has not sufficiently shown that the terminated employees DLI allegedly rehired were similarly situated to her. Finally, Defendant argues that Plaintiff has not pled any facts that link her purported whistleblowing – which took place from 1992 to 1994 – to DLI's failure to rehire her from 2009 to 2011, contending that "such a long delay between her alleged whistleblowing activities and the six non-selections [at issue] . . . does not raise an inference of retaliation." Mot. to Dismiss at 12.[4]

Plaintiff opposes the motion, and also seeks leave to file a motion for equitable estoppel and equitable tolling, based on her contention that Defendant has engaged in the fraudulent concealment of facts that prevented Plaintiff from filing suit. *See* Mot. for Leave, ECF 78 at 1. The

---

[4] Defendant also seeks to dismiss all causes of action that the Court has previously dismissed with prejudice, but which he argues Plaintiff has attempted to reallege in her SAC. The Court stated in its Dismissal Order that "[a]ny assertions of claims [by Plaintiff] beyond her Title VII and Whistleblower Act claims shall be summarily dismissed." Dismissal Order, ECF 75 at 29. Defendant contends that Plaintiff has attempted to reallege a common law tort claim and a claim for constructive discharge based on her initial termination by DLI. Though Plaintiff's SAC does make reference to California tort law and her initial discharge, a fair reading of the SAC shows that she is not attempting to formally reallege those claims previously dismissed.

The Court reiterates, however, that all of Plaintiff's claims other than those brought under Title VII and the Whistleblower Act are DISMISSED WITH PREJUDICE.

3

1  Court has previously denied a similar request by Plaintiff. *See* Dismissal Order, ECF 75 at 24-28.

2  Defendant opposes the motion for leave. *See* ECF 80.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges whether a court has subject matter jurisdiction to hear the action. In deciding a Rule 12(b)(1) motion, the court is not restricted to the pleadings, but can also "review any evidence, such as affidavits and testimony, to resolve factual disputes regarding the evidence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once subject matter jurisdiction is challenged, the party opposing the motion bears the burden of establishing jurisdiction. *See, e.g.*, *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.2d 1115, 1122 (9th Cir. 2010).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of her claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest she will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).[5]

---

[5] The Court should, however, liberally construe the pleadings of pro se plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.3d 696 (9th Cir. 1988). Pro se plaintiffs "must follow the

4

### B. Civil Local Rule 7-9[6]

A party may request leave of court, at any time prior to the entry of final judgment, to seek reconsideration of any interlocutory order, provided one of three grounds is met: (1) a material difference in fact or law exists from that which was presented to the Court prior to its determination on the prior order, of which the party, despite its diligence, was unaware at the time of the order; (2) the emergence of new facts or a change of law occurring after the time of such an order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court. *See* Civil L.R. 7-9(b). A party may not "repeat any oral or written argument made . . . in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c); *see also Samet v. Procter & Gamble, Co.*, 2014 WL 1782821, at *2-3 (N.D. Cal. May 5, 2014).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss

The Court previously granted Plaintiff leave to amend her FAC in order to plead a mixed case claim under the Whistleblower Act, such that the Court could exercise jurisdiction over her suit. A mixed case claim requires the Plaintiff plead that the adverse personnel action about which the Plaintiff seeks redress was motivated by her whistleblowing activities and discrimination based on a protected status. *See* 29 C.F.R. § 1614.302; *see also* Dismissal Order at 19-20. The Court noted that, because it has jurisdiction over Plaintiff's Whistleblower Act claim *only* if Plaintiff adequately pleads a cause of action for discrimination based on a protected status – in this case, her national origin – that "Plaintiff's Whistleblower Act claim rises, or falls, based on her sufficiently pleading a Title VII claim." *Id.* at 20.

---

same rules of procedure that govern other litigants," *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002), but the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri*, 901 F.3d 696, 699 (noting that this rings particularly true "where civil rights claims are involved").

[6] Plaintiff notices her motion for leave as being brought pursuant to Civil Local Rules 7-1 and 7-2. *See* Mot. for Leave at 1. Plaintiff's request, however, is properly construed as being brought under Civil Local Rule 7-9, because it asks the Court to reconsider its prior denial of her first request for leave to file a motion for equitable estoppel and tolling.

The Court therefore looks to Plaintiff's SAC to determine whether she has adequately pled a cause of action for discrimination under Title VII. In this circuit, a prima facie case for violations of Title VII requires a plaintiff to plead four elements: (1) that she belonged to a protected class; (2) that she was qualified for the job(s) she sought; (3) that she was subjected to an adverse action; and (4) that similarly situated employees not in her protected class received more favorable treatment. *See, e.g.*, *Anthione v. N. Cent. Counties Consortium*, 605 F.3d 740, 753-54 (9th Cir. 2010). Defendant challenges the sufficiency of Plaintiff's pleadings with regard to the first, second, and fourth elements.

First, Defendant argues that Plaintiff has not adequately pled that she was not rehired "*because* of her national origin." *See* Mot. to Dismiss at 9 (emphasis in original). Though Defendant is correct that Plaintiff fails to plead her claim using those exact words, her pleadings are specific enough to sufficiently plead that she was not rehired because she is Iranian American. Plaintiff states that she is "a terminated employee from an Iranian national origin," SAC ¶ 80, that Defendant rehired "three terminated employees, not in Plaintiff's protected class," SAC ¶ 81, and that those "three rehired terminated employees were not from the Iranian national origin," SAC ¶ 94. The pleadings of pro se plaintiffs are to be construed so as to give those plaintiffs the benefit of all doubts. *See, e.g.*, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). Plaintiff will ultimately need to prove a causal link between her national origin and Defendant's refusal to rehire her at DLI, but her SAC sufficiently pleads a link between her national origin and the adverse employment decision at issue – Defendant's failure to rehire her. *See* SAC ¶ 99 n.2.

Second, Defendant argues that Plaintiff was not qualified to be rehired because of DLI Regulation 690-1, which prohibits the rehiring of any employee previously terminated for cause. He contends that Plaintiff has failed to sufficiently plead that she was "qualified" for the positions she sought because she does not plead that "she was eligible for rehire under [] Reg. 690-1 as she was directed to by the Court." Mot. to Dismiss at 9. Defendant mischaracterizes both the Court's prior Order and Plaintiff's amendment. The Court did not instruct Plaintiff to plead that she was eligible to be rehired under DLI Regulation 690-1, but rather stated that she could plead that "other employees were fired for cause by DLI but then rehired," because such pleading "would

6

1  touch directly on the question of whether Plaintiff was eligible to be rehired, and thus could be
2  considered 'qualified' under *Anthione's* second element." Dismissal Order at 18. Plaintiff's SAC
3  does just this. She specifically pleads the existence of three employees, Jack Franke, Hana Yarkon,
4  and Esti Tabak, who she contends were terminated and then rehired by DLI. *See* SAC ¶¶ 97-100.
5  Defendant argues that the details of these other terminations are materially different from the
6  circumstances surrounding Plaintiff's termination, specifically that Plaintiff herself pleads that Mr.
7  Franke was reinstated after prevailing in an administrative grievance before the EEO, and that Ms.
8  Yarkon was reinstated upon the Order of an MSPB judge. SAC ¶¶ 97, 98. Defendant is correct
9  that Ms. Yarkon's situation, as pled in the SAC, seems materially different from Plaintiff's,
10  because Plaintiff pleads that she was ordered reinstated by an MSPB Judge. *See* SAC ¶ 98.
11  Plaintiff has pled, however, the Mr. Franke was wrongfully terminated and then rehired, and her
12  SAC does not indicate that he was ordered reinstated, only that he prevailed in some manner in an
13  administrative grievance procedure before the EEO. Further, Plaintiff alleges that Ms. Tabak was
14  terminated and then rehired after applying for reemployment. SAC ¶ 99.

15  Plaintiff's factual allegations are sufficient to support her contention that "Defendant has
16  not applied the alleged 'No Hire Policy' [of DLI Regulation 690-1] uniformly, if truly it existed."
17  SAC ¶ 101. Though she will ultimately need to prove that these employees were terminated for
18  cause and then rehired despite the existence of DLI Regulation 690-1, her pleadings are sufficient
19  to make out a prima facie case that other individuals were terminated by DLI and then rehired
20  despite these prior terminations.

21  Third, Defendant argues that Plaintiff has not pled that these three employees – Franke,
22  Yarkon, and Tabak – were similarly situated to her in all material respects, as required under
23  *Anthione's* fourth element. This circuit has stated, in *Vasquez v. County of Los Angeles*, 349 F.3d
24  634 (9th Cir. 2003), that individuals are similarly situated to one another when they "have similar
25  jobs and display similar conduct." *Id.* at 641 (stating that, for example, employees in supervisory
26  positions are generally not considered similarly situated to lower level employees). Plaintiff
27  however, pleads that both Mr. Franke and Ms. Yarkon were language instructors at DLI – these
28  are similar jobs to Plaintiff, who was a Farsi language instructor. SAC ¶¶ 1, 97-98. Plaintiff does

7

not plead Ms. Tabak's position with specificity, but does state that Ms. Tabak was a DLI language educator. *See* SAC ¶¶ 96, 99. Further, she pleads that none of these three employees were Iranian, that none engaged in whistleblowing activities, and that they were each rehired despite being terminated from employment at DLI. *See* SAC ¶¶ 94, 95. At summary judgment or trial, Plaintiff must show through evidence that at least one of these employees was similarly situated to her "in all material respects," *see, e.g.*, *Vasquez* at 641, but for purposes of stating a prima facie case, her allegations in the SAC set forth sufficient facts to show that these employees had similar jobs as did Plaintiff and that they were also terminated by DLI for cause. *See* SAC ¶ 98 (stating that Ms. Yarkon was terminated after she did not return to work following a fall); *see also* SAC ¶ 99 (stating that Ms. Tabak was terminated, applied for re-employment, and was rehired); and SAC ¶ 97 (stating that Mr. Franke was wrongfully terminated and was subsequently rehired and promoted).

For these reasons, Plaintiff has stated a prima facie case for Title VII discrimination in her SAC. Defendant makes a number of arguments in his motion to dismiss that, if proven true at summary judgment or trial, could prove fatal to Plaintiff's claims: for example, Defendant is correct that Plaintiff will need to prove that another similarly situated employee was terminated for cause and then rehired despite the existence of Regulation 690-1. At the pleadings stage, however, Plaintiff need only set forth facts that make her claim for relief plausible on its face. *See Twombly*, 550 U.S. 544, 570. She has done so.

Defendant makes one final argument regarding Plaintiff's Whistleblower Act claim that the Court briefly addresses here. He argues that Plaintiff has not pled "any facts to suggest that her six non-selections in 2009 and 2011were in direct response to her long-ago 1992 whistleblowing regarding the quality of the DLI curriculum." Mot. to Dismiss at 12. Because of the lengthy delay between her alleged whistleblowing and the failure to rehire Plaintiff, Defendant contends that the Court cannot infer that Plaintiff's non-hires were due to her whistleblowing. *See id.* The Court does not need to make such an inference, however. Plaintiff pleads in her SAC that an employee of DLI, Dr. Clifford, instructed staff in retaliation for Plaintiff's whistleblowing to "make sure that you, Ms. Ardalan, would never be re-employed. The staff has followed Clifford's instructions and

8

1    continued to deny you employment." SAC ¶ 145; *see also* SAC ¶ 143. She contends that this

2    purposeful retaliation has occurred repeatedly since 2001. *See* SAC ¶ 147. Such allegations will

3    need to be proven by evidence, but, as pled, Plaintiff has alleged that her non-hires between 2009

4    and 2011 were due to retaliation based on her prior whistleblowing activities.

5          Defendant contends that Plaintiff has not followed the direction of the Court and has failed

6    to amend to state a claim for violations of either Title VII or the Whistleblower Act. *See, e.g.*, Mot.

7    to Dismiss at 13. But Plaintiff has pled sufficient facts to state a prima facie case for Title VII

8    discrimination pursuant to *Anthione*, and has specifically pled how her prior whistleblowing

9    activities are directly related to the non-hires at issue in this litigation. Defendant clearly believes

10   that this action, the latest in a lengthy dispute between these parties that has lasted over two

11   decades, is without merit. Ultimately, Plaintiff may be unable to prove any of her claims through

12   sufficient evidence. Plaintiff has, however, stated sufficient facts under *Twombly* and *Iqbal* to

13   move past the pleadings stage. As such, Defendant's motion to dismiss is DENIED.

## B.    Plaintiff's Motion for Leave to File a Motion for Reconsideration

15         Plaintiff seeks leave to file a motion for equitable estoppel and equitable tolling. ECF 78.

16   The crux of Plaintiff's motion is that Defendant has engaged in the "fraudulent concealment of

17   facts to prevent Plaintiff from filing suit." Mot. for Leave at 1. Plaintiff repeatedly asserts in her

18   motion that Defendant has concealed facts regarding discrimination and disparate treatment

19   against her. Plaintiff uses this motion to bring to the Court's attention a fourth employee of DLI

20   who Plaintiff contends was terminated and then rehired, and alleges that Defendant has "kept [this

21   fact] concealed, even to date, during the litigation of this action." Mot. for Leave at 6.

22         The Court previously denied Plaintiff's first motion for equitable estoppel and equitable

23   tolling on a number of grounds – including that Plaintiff was unable to "demonstrate that

24   Defendant sought to prevent her from filing a lawsuit or EEOC complaints," Dismissal Order at

25   27, and that Plaintiff pled "no facts by which to show reasonable excuse for her failure to obtain

26   evidence with regard [to] any claims for which the statute of limitations has run." *Id.* at 28.

27   Plaintiff now seeks reconsideration of the Court's denial of leave, based on her discovery in May

28   2014 that Defendant had concealed from Plaintiff the existence of this fourth unnamed employee.

Plaintiff's motion for leave fails for several reasons. First, Plaintiff's prior motion for leave was based on the same claim as this motion: that Defendant had failed to tell her that there were employees previously terminated for cause who were ultimately rehired. *See* Dismissal Order at 26-28. Plaintiff has made this argument repeatedly throughout this litigation, first before Judge Koh and now before this Court, ostensibly in the hope to expand the number of non-hires about which she can bring suit. *See Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 41089092, at *2 (N.D. Cal. Nov. 16, 2007) (requiring that Plaintiff show that the Court failed to consider material facts or dispositive legal arguments in order to meet the requirements of a motion brought pursuant to Civil Local Rule 7-9).

Second, Plaintiff has once again not shown how any of the actions by Defendant or defense counsel are fraudulent or improper. *Cf. Naton v. Bank of Calif.*, 649 F.2d 691, 696 (9th Cir. 1981) (stating that courts, in determining whether to grant equitable estoppel, should look to whether the conduct of defendant was improper, and whether a plaintiff relied on that improper conduct to her detriment). Plaintiff seems to argue that Defendant acted improperly because he did not *affirmatively* inform her of any and all persons that were previously terminated and then rehired by DLI. *See* Mot. for Leave at 6-7. It is clear that Plaintiff disagrees with Defendant's contention that DLI regulation 690-1 exists, and that it has been uniformly applied to individuals who were terminated for cause. But the parties have not yet engaged in substantive discovery in this action. Plaintiff has, through her own fact-finding, seemingly found four individuals whose own terminations may disprove Defendant's contention. The fact that Defendant has not affirmatively disclosed that information to Plaintiff, however, is not fraudulent concealment, and it assuredly is not improper at this stage of the litigation. Plaintiff once again has not shown how this alleged misconduct on the part of Defendant has prevented her from filing suit – she has done so repeatedly in the federal courts and with various administrative agencies. As such, Plaintiff shows no material differences in fact or law that call for the Court to reconsider its prior denial of her motions for equitable estoppel and tolling. Plaintiff's motion for leave is therefore DENIED.

## IV. ORDER

For the foregoing reasons, Defendant's motion to dismiss is DENIED, and Plaintiff's motion for leave to file a motion for reconsideration is also DENIED. The parties are FURTHER ORDERED to appear for a Case Management Conference on April 9, 2015 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 10, 2015

_____
BETH LABSON FREEMAN
United States District Judge