UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERIAL KAREN ARDALAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN MCHUGH, et al.,<br><br>    Defendants. | Case No. 13-cv-01138-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 95] |

Plaintiff, for the third time, seeks leave to file a motion for equitable estoppel and tolling. ECF 95. The Court previously denied Plaintiff's first motion for equitable estoppel and equitable tolling on a number of grounds. *See* Dismissal Order, ECF 75 at 27. Plaintiff has once previously sought reconsideration of the Court's denial of leave, *see* ECF 78, which the Court also denied. *See* ECF 92 at 9-10. Plaintiff states that her previous motions for equitable estoppel were "incomplete and unedited due to the shortage of time" in which she was able to draft them. *See* Mot. at 13.[1] Plaintiff alleges once again, in her second motion for reconsideration on this issue, that Defendant has misrepresented or concealed facts related to this litigation. *See* Mot., ECF 95 at 7-9.

In this district, motions for reconsideration are governed by Civil Local Rule 7-9, which permits a party, before the entry of judgment, to seek leave to file a motion for reconsideration when one of three grounds is met: (1) a material difference in fact or law exists from that which

---

[1] Plaintiff fashions her request as seeking leave to file a "revised" motion for equitable estoppel and tolling. *See, e.g.*, Mot. at 22. Her previous request, however, was filed on September 26, 2014, nearly six months ago. *See* ECF 78. The Court rendered a decision on that motion on February 10, 2015. Plaintiff's motion is therefore construed to be a second motion for reconsideration of the Court's denial of her first motion for equitable estoppel and tolling, and not a motion to revise her previous (and already decided) motion for reconsideration.

was presented to the Court before entry of the order on which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. *See* Civil L.R. 7-9(b).

Plaintiff does not state the grounds on which she seeks reconsideration, and notices her motion pursuant to Civil Local Rules 7-1 and 7-2, rather than 7-9, which properly governs her request because the Court has twice previously ruled on this question. *See, e.g.*, *Nidac Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 4108092, at *3 (N.D. Cal. Nov. 16, 2007). Though Plaintiff is proceeding in this action pro se, and pro se plaintiffs are held to a lower standard with regard to their *pleadings*, pro se plaintiffs "must follow the same rules of procedure that govern other litigants." *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002).

The Court has made abundantly clear to Plaintiff that she has not shown how the actions of Defendant in this matter have been fraudulent or improper. *See, e.g.*, ECF 92 at 10. Nothing in Plaintiff's third motion for equitable estoppel asserts new arguments. It merely repeats and reiterates claims that Plaintiff has made continually throughout this litigation – namely, her contention that Defendant has not affirmatively told her the names and circumstances of other individuals who were terminated for cause from the Defense Language Institute. As the Court has already explained to Plaintiff regarding her last motion for reconsideration:

> [T]he parties have not yet engaged in substantive discovery in this action. . . . The fact that Defendant has not affirmatively disclosed [] information to Plaintiff, however, is not fraudulent concealment, and it assuredly is not improper at this stage of the litigation. Plaintiff once again has not shown how this alleged misconduct on the part of Defendant has prevented her from filing suit – she has done so repeatedly in the federal courts and with various administrative agencies.

ECF 92 at 10.

Plainly, Civil Local Rule 7-9 does not contemplate a plaintiff bringing two motions for leave to file a motion for reconsideration *on the same question*. Plaintiff's motion is procedurally defective, and the Court therefore DENIES it. *See Jones v. Metropolitan Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010). As the Supreme Court held in *Chambers v. Nasco, Inc.*,

1   501 U.S. 32 (1991), the Court may impose sanctions, up to and including dismissal of the suit,

2   when a party abuses the judicial process. *Id.* at 44-45.

3       The Court elects not to sanction Plaintiff at this time, but instructs her that future motions for leave to file motions for equitable estoppel and tolling **will be summarily stricken** from the docket upon filing, and the Court shall impose further sanctions on Plaintiff if she files any such motions in the future. The Court has clearly delineated what claims can and cannot be brought in this litigation in two lengthy orders on Plaintiff's pleadings. Plaintiff's continued attempts to expand the scope of this suit by filing motions for estoppel and tolling that merely restate the claims she has made throughout the litigation are procedurally improper and a drain on court resources.

**IT IS SO ORDERED.**

Dated: March 25, 2015

                                                                   _____
BETH LABSON FREEMAN
United States District Judge