UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERIAL KAREN ARDALAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN MCHUGH, et al.,<br><br>    Defendants. | Case No. 13-cv-01138-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**<br><br>[Re: ECF 99] |

Presently before the Court is Plaintiff's motion requesting that the undersigned recuse herself from this case.

Plaintiff brings her motion pursuant to 28 U.S.C. §§ 455 *et seq.*, which states that a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Because federal judges are presumed to be impartial, the party seeking disqualification bears a "substantial burden to show that the judge is biased." *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001). The test imposed under Section 455 is an objective one, and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questions." *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987). This standard does not mandate recusal based on "unsubstantiated suspicion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). Rather, a recusal request brought pursuant to Section 455 requires "as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of [proceedings]." *Id.*

Plaintiff's recusal request is based on the undersigned's religious beliefs. She argues:

    The pro per Plaintiff is an American citizen of the Iranian (Persian)

> national origin. Per the Pro per Plaintiff's latest surprising discovery, the Hon. Judge Beth Labson-Freeman is a devout member of the Jewish faith, and a member of a temple in [] northern California. In view of the ongoing disputes between the present Iranian government and the Israeli government, the Plaintiff believes that the Case at hand should not be handled by the Hon. Judge Labson-Freeman.

Mot., ECF 99 at 1-2.

Article VI of the Constitution plainly states that "no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." Courts within this circuit and across the country have occasionally been confronted with requests from plaintiffs to recuse because of the judge's religion. One case from this circuit, *Feminist Women's Health Center v. Codispoti*, is particularly instructive. In that case, the plaintiffs requested that a Ninth Circuit judge recuse from a case because he was Roman Catholic, arguing that his religious affiliation made him unable to be impartial in a case regarding abortion rights. The Court denied the request, holding that the recusal request "st[ood] in conflict with the principle embedded in Article VI" and that religious beliefs could not be a "criterion of judicial capacity." *See, e.g.*, *Codispoti*, 69 F.3d 399, 400-01 (9th Cir. 1995). This principle applies no matter the religious beliefs of the undersigned. *See, e.g.*, *Palmer v. City of Prescott*, 2010 WL 3613868, at *2 (D. Ariz. Sept. 8, 2010) (denying a motion to recuse based on the judge's membership in The Church of Jesus Christ of Latter-day Saints when plaintiff opposed the teachings of the Mormon Church, because "Plaintiff's activities with respect to Mormons have nothing to do with this case and will have no effect on the Court's rulings"); *see also Hoatson v. New York Archdiocese*, 2006 WL 3500633, at *5 (S.D.N.Y. Dec. 1, 2006) ("Religious devotion or affiliation cannot constitute a general bias or prejudice under . . . [Section] 455."); *Kovachevich v. United States*, 2005 WL 6124816, at *1 (Ct. Fed. Claims July 28, 2005) ("[A] judge's background and prior associations, including his religion, should not be considered as grounds for disqualification."); *United States v. El-Gabrowny*, 844 F. Supp. 955 (S.D.N.Y. 1994) (denying a motion to recuse when a Muslim plaintiff accused a Jewish judge of impartiality).

The principles underlying these opinions bear not only on religious beliefs. Historically, parties have moved for African-American judges to recuse themselves in civil rights cases,

alleging that those judges could not be impartial in cases regarding racial discrimination. *See, e.g.*, *Paschall v. Mayone*, 454 F. Supp. 1289, 1301 (S.D.N.Y. 1978). The same goes for female judges in sex discrimination cases. *See, e.g.*, *Blank v. Sullivan & Cromwell*, 418 F. Supp. 1, 4-5 (S.D.N.Y. 1975). More recently, a party requested a judge in this district recuse himself in a case about same-sex marriage rights simply because that judge was himself in a long-term same-sex relationship. *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1124-26 (N.D. Cal. 2011). The court rightfully rejected this argument, noting that "[t]he fact that a federal judge shares a fundamental characteristic with a litigant, or shares membership in a large association such as religion, has been categorically rejected by federal courts as a sole basis for requiring a judge to recuse her or himself." *Id.* at 1124.

"Where federal judges have possessed speculative interests as members of large groups, these interests [are] too attenuated to warrant disqualification" under Section 455. *United States v. Alabama*, 828 F.2d 1532 (11th Cir. 1987). Plaintiff contends that the undersigned cannot be impartial in this case because she is Jewish and the Plaintiff is of Iranian national origin. This argument is without merit. The undersigned takes seriously her obligation to impartially adjudicate the cases that come before her. The undersigned has consistently fulfilled that obligation in this case, and will continue to do so as the dispute moves forward.

Finally, Plaintiff also points to the undersigned's denial of two of Plaintiff's motions as evidence of bias. *See, e.g.*, Mot. at 6. The Court notes only that these orders were supported by the case law of this district, *see, e.g.*, ECF 97, and that adverse rulings against a party are not a grounds to seek recusal under Section 455. *See, e.g.*, *Harper v. Lugbauer*, 2012 WL 734167, at *3 (N.D. Cal. Mar. 6, 2012); *see also Holland*, 519 F.3d at 914.

Accordingly, the Court DENIES Plaintiff's motion to recuse.

**IT IS SO ORDERED.**

Dated: April 2, 2015

_____
BETH LABSON FREEMAN
United States District Judge

3