United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERIAL KAREN ARDALAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN MCHUGH,<br><br>    Defendant. | Case No.  5:13-cv-01138 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 104] |

In 1995, pro se plaintiff Ferial Karen Ardalan was terminated from her employment at the Defense Language Institute Foreign Language Center (DLI) in Monterey, California.  This court is told that she thereafter filed a series of lawsuits, alleging retaliation and discrimination.  In this lawsuit, she claims that defendant did not re-hire her for a number of open positions because of her national origin and because she engaged in protected whistleblowing activities.  Defendant maintains that plaintiff was fired for cause and that DLI Regulation 690-1 precludes him from rehiring any employee so terminated.

In Discovery Dispute Joint Report (DDJR) No. 1,[1] defendant seeks an order compelling

---

[1] The parties apparently did not participate in an in-person meet-and-confer session as required by the undersigned's Standing Order re Civil Discovery Disputes.  The court nonetheless will address this DDJR because the record indicates that defense counsel attempted to set up such a meeting, but plaintiff did not respond to defendant's proposed date, time, and place.  Although plaintiff is representing herself, she is reminded that she must follow the court's rules and orders that all litigants must obey.

1 plaintiff to produce her initial disclosures, as well as responses to his discovery requests.

2 Additionally, defendant seeks an order requiring plaintiff to sign a release for her medical records

3 and compelling her to appear for her deposition. The matter is deemed suitable for determination

4 without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective positions,

5 this court rules as follows:

6 On the whole, it appears that plaintiff does not oppose the discovery sought by defendant.

7 Her overarching request is that she be granted a two-month extension of time to respond to

8 defendant's requests, that her deposition be postponed until sometime in mid-August, and that the

9 fact discovery cutoff be continued for 60 days to October 28, 2015. This court does not find good

10 cause for such an extension. Plaintiff's prior request to postpone discovery was denied. (Dkt. 98).

11 Moreover, the fact discovery cutoff has been set for August 28, 2015 (Dkt. 103), and this court has

12 no authority to alter the presiding judge's scheduling order. Defendant points out that, between

13 the time he served his discovery requests and the date plaintiff's responses were due, and despite

14 her claimed health issues and computer problems, plaintiff did manage to file several motions,

15 spanning well over 30 pages. (Dkt. 95, 96, 99). Further, as discussed more fully below,

16 defendant's discovery requests were served some time ago, and plaintiff's responses are already

17 overdue.

18 Defendant's request for an order compelling plaintiff to produce her initial disclosures is

19 GRANTED. Parties must serve their initial disclosures, providing the information required by

20 Federal Rule of Civil Procedure 26(a)(1), without waiting for a discovery request. Fed. R. Civ. P.

21 26(a)(1)(A). Plaintiff's initial disclosures should have been served no later than April 2, 2015.

22 Fed. R. Civ. P. 26(a)(1)(C). They are overdue. **She shall serve her disclosures on defendant no**

23 **later than May 15, 2015**.

24 The record indicates that defendant served plaintiff with requests for admission (RFAs),

25 interrogatories, and document requests by mail on February 27, 2015. (Dkt. 104, DDJR No. 1, Ex.

26 B at 17). Plaintiff's responses therefore were due by April 1, 2015. Fed. R. Civ. P. 6(d), 33(b)(2),

27 34(b)(2)(A), 36(a)(3). Plaintiff claims that she did not receive the requests by mail; that defense

28 counsel then sent her a "software" version of the requests that was not compatible with her

computer; and that defense counsel subsequently sent her a more compatible version. Even so, plaintiff is vague as to the timing of these alleged events, and it is not clear on the record presented why she could not have served her responses within the time allotted under the Federal Rules of Civil Procedure---or why she did not, at the very least, seek an extension of time before the pertinent deadlines passed.

Defendant's request to compel plaintiff's responses to his RFAs is GRANTED. When a party fails to timely respond to such requests, the matters requested are automatically deemed admitted. Fed. R. Civ. P. 36(a)(3). The matters requested in defendant's RFAs therefore are "conclusively established," unless plaintiff moves for relief, establishing grounds for withdrawal of the admissions---namely, that withdrawal will promote the presentation of the action on the merits and will not result in prejudice to the party who obtained the admission in maintaining the action or defense on the merits. Fed. R. Civ. P. 36(b); Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). Broadly construing plaintiff's portion of the DDJR to be such a motion, this court will, in its discretion, deem the admissions withdrawn. Some of the requests at issue pertain to core issues in this lawsuit, including defendant's contention that plaintiff was fired for cause and that DLI Regulation 690-1 precludes an employee previously fired for cause from being re-hired. (Dkt. 104, DDJR No. 1, Ex. B at 12). Discovery is in its relatively early stage; and, defendant does not seek to hold plaintiff to the deemed admissions and instead moves to compel her responses to the RFAs in question. **Plaintiff shall serve her responses no later than May 15, 2015**. Notwithstanding plaintiff's pro se status, there are only so many procedural missteps that the court fairly can countenance. On any future RFAs, plaintiff is well advised to serve her responses within the time set out in the Federal Rules of Civil Procedure.

Defendant's request for an order compelling plaintiff to serve her responses to defendant's interrogatories is GRANTED. Plaintiff having failed to timely respond to these requests, any objections she might have asserted are waived. Fed. R. Civ. P. 33(b)(4). In any event, the court has reviewed the requests and finds that each seeks information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). **Accordingly, plaintiff shall serve her answers to these interrogatories by May 15, 2015**. Plaintiff is advised

that, pursuant to Federal Rule of Civil Procedure 33, she must answer each of defendant's interrogatories under oath. Fed. R. Civ. P. 33(b)(3).

Defendant's request for an order compelling plaintiff to respond to his document requests and to produce responsive documents is GRANTED. Plaintiff having failed to timely respond to the requests, any objections she might have asserted are waived. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). In any event, the court has reviewed the requests and finds that each seeks information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Additionally, plaintiff must produce the requested documents to defendant in this litigation, even though she may have also produced them in her prior lawsuits. Defendant is not obliged to sift through litigation files from other cases to find documents he requests in this one. Although plaintiff says that she cannot afford the copying costs of production, defendant has offered to send a copying service to her house to make copies for production at defendant's expense. **Plaintiff shall serve her responses to defendant's document requests and produce all responsive, non-privileged documents in her possession, custody, and control by May 15, 2015**. Defendant shall bear the copying costs.

Defendant intends to subpoena plaintiff's medical records from providers who treated her from 1999 to the present. There appears to be no dispute that the records are relevant. Indeed, defendant is entitled to such discovery, given plaintiff's claim that, ever since her termination from DLI, she has suffered from severe post-traumatic stress disorder because of defendant's conduct. The issue, says defendant, is that he sent plaintiff a proposed Authorization for Release of Medical Records and a draft Stipulated Protective Order on April 7, but plaintiff has not yet signed them or proposed any specific changes to them. Nevertheless, plaintiff now joins in the request for entry of a protective order re her medical records. (Dkt. 104 at 29). However, she suggests that defendant be directed to accept her psychiatrist's report about her condition, in lieu of subpoenaing one Dr. Harding for records, some of which she says have already been produced in her other cases. As discussed, defendant is entitled to seek discovery from plaintiff's medical

4

providers and treaters in this action, notwithstanding that some of the requested records may have been produced in plaintiff's prior lawsuits. **Accordingly, no later than May 15, 2015, plaintiff shall provide defendant with a signed form for the release of her medical records**. This court will also enter defendant's proposed protective order, which contains adequate terms to limit the use and dissemination of those documents. This court will, however, make two modifications: Pursuant to its usual practice, this court will modify the protective order to provide that this court will retain jurisdiction for a period of six months after the termination of this action to enforce the terms of that order. Additionally, any disputes arising out of the protective order (e.g., disputes over confidentiality designations) are subject to the undersigned's Standing Order re Civil Discovery Disputes.

Defendant's request for an order compelling plaintiff to appear for her deposition on June 15, 2015 in Monterey, as previously agreed between the parties, is GRANTED. As discussed above, this court does not find good cause to postpone plaintiff's deposition until mid-August.

To the extent she has not already done so, plaintiff is strongly encouraged to contact the Federal Legal Assistance Self-Help Center (FLASH) for assistance. FLASH is located in Room 2070 on the Second Floor of the Federal Courthouse in San Jose. Appointments with FLASH may be made by (1) signing up in person at the Center; (2) signing up at The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, California; or (3) calling 408-297-1480. If she has not already done so, plaintiff is also directed to obtain a copy of the court's Handbook for Pro Se Litigants, available on the court's website (http://cand.uscourts.gov) or from the Clerk's Office.

SO ORDERED.

Dated: April 22, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-01138-BLF Notice has been electronically mailed to:

James A. Scharf	james.scharf@usdoj.gov, mimi.lam@usdoj.gov

Todd Barry Tatelman	todd.tatelman@mail.house.gov, bladen.vickery@mail.house.gov, kyle.jones@mail.house.gov, sarah.clouse@mail.house.gov

5:13-cv-01138-BLF A copy of this order sent by U.S. Mail to:

Ferial Karen Ardalan
P.O. Box OD
Pacific Grove, CA 93950

    Pro Se Plaintiff