UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERIAL KAREN ARDALAN,<br>　　　　Plaintiff,<br>　　v.<br>JOHN MCHUGH,<br>　　　　Defendant. | Case No. 13-cv-01138-BLF<br><br>**ORDER DENYING PLAINTIFF'S LETTER REQUEST TO DISMISS THIS ACTION WITHOUT PREJUDICE**<br><br>[Re: ECF 108] |

　　　　Plaintiff moves, through a letter request,[1] for an Order permitting her to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41. Defendant opposes. For the reasons below, the Court DENIES Plaintiff's request.

　　　　Rule 41 governs dismissal of actions. Under Rule 41(a)(1), a party may dismiss an action without prejudice at any time under one of two conditions: either (1) the opposing party has not answered or filed a motion for summary judgment, or (2) all parties stipulate to the dismissal. Neither circumstance is present here: Defendant has answered Plaintiff's SAC, *see* ECF 93, and Defendant declined to stipulate to a dismissal. *See* ECF 108, 109.

　　　　This request is therefore governed by Rule 41(a)(2), which states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In this circuit, when adjudicating a motion to dismiss an action under Rule 41(a)(2), the Court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Mere threat of future litigation, without more, does not constitute legal prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

---

[1] The Court construes the letter request as an administrative motion brought pursuant to Civil Local Rule 7-11.

Rather, legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* Courts in this district have considered several factors when determining prejudice, including the defendant's "effort and expense" in the litigation, "excessive delay and lack of diligence by the [plaintiff]," "insufficient explanation of the need for dismissal," and "the fact that the opposing party has moved for summary judgment." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005). Ruling on a Rule 41(a)(2) motion is "addressed to the sound discretion of the District Court." *Westlands* at 97 (compiling cases).

In this case, Defendant has established that he would be prejudiced were this action to be dismissed without prejudice. This is Plaintiff's fourth lawsuit alleging claims stemming from her 1995 termination from, and subsequent non-rehiring by, the Defense Language Institute. This particular action, filed over two years ago on March 13, 2013, has gone through three rounds of motions to dismiss, multiple motions for equitable estoppel and tolling, and two motions for reconsideration. Defendant has expended substantial energy, as has Plaintiff, just to prepare the pleadings in this case for discovery in an attempt to move this case toward final resolution.

Plaintiff's case having survived Defendant's third motion to dismiss, Defendant answered and reached out to Plaintiff to begin discovery. *See* ECF 104, 105. The parties were ultimately unable to agree to a discovery plan, and went before the assigned Magistrate Judge to adjudicate their discovery disputes. The Order on the parties' discovery dispute, filed on April 22, 2015, required Plaintiff to complete discovery in good faith, including ordering her to serve her initial disclosures and respond to Defendant's written discovery and requests for production no later than May 15, 2015, as well as sign a release form permitting Defendant to obtain her medical records by that date. Plaintiff was also ordered to sit for a deposition on June 15, 2015.

Now, two years into the suit and following this extensive litigation on the part of all parties, Plaintiff seeks to dismiss this action without prejudice. Defendant is correct that an order permitting such a dismissal without prejudice would "allow [Plaintiff] to refile an identical lawsuit tomorrow, unencumbered by those Court Orders" already entered in this action. Opp., ECF 109 at 1. This would legally prejudice Defendant, who would then return to square one in this litigation despite substantial time and expense spent defending against this action. Further, Plaintiff's

motion comes after she has failed to engage in good faith in discovery in this action, including failing to meet-and-confer with defense counsel in person to resolve their discovery disputes, and after she has twice sought to have this case reassigned to another judge. *See* ECF 27, 99. The Court cannot help but be concerned that Plaintiff's motion for voluntary dismissal is an attempt at forum shopping due to her displeasure at how the Court has limited her case through the motions to dismiss and denials of her motions for reconsideration.

The Court finds that three of the four *Williams* factors support denying Plaintiff's motion: the expense and effort on the part of Defendant in litigating this action in this Court, Plaintiff's lack of diligence in prosecuting this action, specifically with regard to her discovery obligations, and Plaintiff's insufficient explanation of the need for dismissal without prejudice. Any one of these factors, standing alone, would support the Court's denial of this motion, or otherwise to demand that the dismissal be with prejudice. *Williams* at 540.

In *Burnette v. Godshall*, the district court noted that "[w]hether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where *it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action*." 828 F. Supp. 1439, 1444 (N.D. Cal. 1993) (emphasis added). Such a circumstance is present here. Plaintiff has repeatedly sought redress for her claims against Defendant with regard to her termination and the subsequent failure of DLI to rehire her. This action, now two years old, has been narrowed, discovery has commenced, and the case is being prepared for summary judgment and trial. It would severely prejudice Defendant to begin anew in this litigation. Plaintiff's motion for voluntary dismissal is therefore DENIED. Plaintiff may dismiss this action with prejudice, but otherwise must comply with her court-ordered discovery and scheduling obligations to prepare this suit for adjudication.

**IT IS SO ORDERED.**

Dated: May 15, 2015

_____
BETH LABSON FREEMAN
United States District Judge